IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MARIA BUFF and ADAM BUFF,
her husband,

CASE NO:

Plaintiff,

vs.

TARGET CORPORATION, a Foreign Profit Corporation, and WAYNE HARRIS, individually,

Defendants.
_________________________________/

**DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL**

Defendant Target Corporation (hereinafter "Defendant"), by and through its undersigned attorneys and pursuant to 28 U.S.C. § 1446, files with this Court a Notice of Removal of the above-captioned matter from the Fourteenth Judicial Circuit, in and for Bay County, Florida. In support of the removal of this action, Defendant states as follows:

1. Plaintiffs Maria Buff and Adam Buff have filed a civil action in the Circuit Court, Fourteenth Judicial Circuit, in and for Bay County, Florida, Case No. 20-CA-1089, for claimed injuries allegedly due to an incident in which Ms. Buff allegedly slipped and fell on the Defendant's premises on October 18, 2019 in Bay County, Florida. Mr. Buff has made a claim for alleged loss of consortium. True and correct copies of all process and pleadings served by or upon Defendant, as provided by 28 U.S.C. § 1446(a), are attached hereto as Exhibit "A".

2. Defendant removes this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 and § 1441.

3. At the time of the incident alleged in Plaintiff's Complaint, Plaintiff and her husband were citizens and residents of Bay County, Florida. (Complaint ¶¶2-3).

4. Defendant Target Corporation, at all relevant times, has been a domiciliary of the State of Minnesota, is incorporated in Minnesota, and has its principal place of business in Minnesota.

5. Plaintiff has fraudulently joined Florida resident and Store Director, Wayne Harris, as a Defendant in this matter. Absent this fraudulent joinder, complete diversity exists among the Plaintiff and Defendant. Mr. Harris has no individual liability for Plaintiffs' personal injuries and he is an improper Defendant. There is no possibility the Plaintiffs can establish a claim against him. The fraudulent joinder doctrine provides an exception to the citizenship requirement of removal jurisdiction. Allen v. Monsanto Co., 2009 WL 426546 (N.D. Fla. 2009)(citing Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997)). A plaintiff cannot defeat removal by joining a non-diverse defendant having no real connection with the controversy. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). The fraudulent joinder determination must be based on the Plaintiff's pleadings at the time of removal, which may be supplemented by affidavits and deposition transcripts. Partners for Pets, Inc. v. Southern Owners Insurance Co., 2019 WL 8063984 (N.D. Fla. 2019)(citing Pacheco de Perez v. AT&T Co., 139 F.3d 1368 (11th Cir. 1998)). If a defendant is fraudulently joined, its citizenship is not considered in determining whether complete diversity exists. Russell Petroleum Corp. v. Environ Prods., Inc., 333 F.Supp.2d 1228, 1231 (M.D. Ala. 2004).

6. It is well-established under Florida law that an officer "does not incur personal liability for [the corporations]'s torts merely by reason of [the officer]'s official character." Orlovsky v. Solid Surf, 405 So. 2d 1363, 164 (Fla. 4th DCA 1981). To be individually liable, a corporate official must have committed or participated in the tort. White v. Wal-Mart Stores, Inc., 918 So. 2d 367, 358 (Fla. 1st DCA 2005)("The law is clear to the effect that officers or agents of corporations may be individually liable in tort if they commit or participate in a tort.") There have

been numerous cases where the non-diverse manager was fraudulently joined and removal was found to be proper. See Roland v. Waffle House, Inc., 2018 WL 6715513 (N.D. Fla. 2018)(finding Waffle House manager, a non-diverse citizen, was fraudulently joined when manager was not working or present in the restaurant at the time of the plaintiff's incident, did not personally participate in incident giving rise to plaintiff's injury, and had no personal knowledge of the incident); see also Accordino v. Wal-Mart Stores East, LP, 2005 WL 3336503 (M.D. Fla. Dec. 8, 2005)(where plaintiff in a slip and fall case fraudulently joined a store manager and the Court denied Plaintiff's Motion to Remand because there was no evidence the defendant personally participated in the alleged tortious act in his individual capacity); Kimmons v. IMC Fertilizer, Inc., 844 F. Supp. 738, 739, 740 (M.D. Fla. 1994)(concluding that non-diverse manager of a corporation was not liable to plaintiff where manager did not personally participate in events giving rise to plaintiff's accident and was not present at accident site at time of plaintiff's injury); McElveen v. Peeler, 544 So. 2d 270, 271-72 (Fla. 1st DCA 1989)(finding personal participation in tortious act a prerequisite for imposing liability upon individual corporate officers or agents and rejecting liability based solely on general administrative responsibility); Orlovsky v. Solid Surf, Inc., 405 So. 2d 1363, 1364 (Fla. 4th DCA 1981)(finding that a corporate agent "does not incur personal liability for [his] torts merely by reason of his official character; he is not liable for torts committed by or for the corporation unless he has participated in the wrong.")

      7. Plaintiff Maria Buff's interrogatory answers to Defendant Target Corporation, served on July 21, 2020, make no specific allegation of negligence against Mr. Harris. When asked to describe in interrogatory number 8 how the incident happened, Plaintiff Maria Buff stated she "slipped and fell in water . . . Further, see my complaint filed in this case." In interrogatory number 9, Plaintiff Maria Buff was asked to describe each act or omission on the part of any party to this

lawsuit that she contends constituted negligence. The Plaintiff responded "Please see the Complaint as filed . . . However, in my lay opinion, it is my belief that the Defendant should have cleaned up the water on the floor." (See Plaintiff Maria Buff's interrogatory answers.) There is no specific allegation of an act or omission on the part of Mr. Harris in Plaintiff Maria Buff's interrogatory answers to Defendant Target Corporation.

8. In Florida, there is no recognized cause of action or an *in absentia* claim of negligent failure to maintain the store because Florida law requires that a corporate officer or agency can be personally liable for negligence only if he is personally involved in the tortious conduct. Stephens v. Petsmart, Inc., 2009 WL 3674680 (M.D. Fla. 2009). Because there is no possibility a cause of action can be asserted against Mr. Harris, he has been fraudulently joined and his fraudulent joinder does not defeat diversity jurisdiction. An affidavit by Mr. Harris is attached hereto as Exhibit "B", attesting to his lack of involvement with this alleged incident as well as his absence from the subject store at the time of the alleged incident.

9. The Complaint alleges the damages "exceed Thirty Thousand Dollars ($30,000.00)." (Complaint ¶1). Plaintiff Maria Buff's claimed damages include: pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a pre-existing condition (Complaint ¶¶13, 20). Plaintiff Maria Buff claims these losses are either permanent or continuing and will continue to be suffered in the future. (*Id.*). Plaintiff Adam Buff's claimed damages include the deprivation of the consortium services of his wife, Maria Buff, which he has suffered in the past and will continue to suffer for an indefinite time in the future. (Complaint ¶23).

10. In response to Defendant's Request for Production, Plaintiff Maria Buff produced to Defendant medical records of Plaintiff from Bay County EMS, Ascension Bay Medical Sacred Heart, Bay Orthopedics, Junco Emergency Physicians, and First Choice Physical Therapy. Defendant is in possession of medical bills from the following, attached as Exhibit "C":

| | |
|---|---|
| Bay County EMS | $ 1,279.71 |
| Ascension Bay Medical Sacred Heart | $ 78,606.41 |
| Bay Orthopedics | $ 6,177.07 |
| Junco Emergency Physicians | $ 1,977.00 |
| First Choice Physical Therapy | $ 8,052.00 |
| **TOTAL** | **$ 96,092.19** |

Specifically, these records were provided in response to Request number 1, asking for "Medical bills, including but not limited to doctors, hospitals, and prescriptions arising out of the alleged injuries which are the subject of your Complaint."

11. Based on the medical records provided, Plaintiff Maria Buff is alleging she sustained a right distal femur fracture requiring surgical repair.

12. The medical records reflect that on October 19, 2019 Plaintiff underwent an open reduction internal fixation at Ascension Bay Medical Sacred Heart. The bills provided by the Plaintiff reflect the hospital stay and surgical expenses amounted to $78,606.41.

13. Defendant has filed this Notice of Removal within thirty (30) days of receipt of the Plaintiff's medical billing records, which revealed the amount in controversy exceeds $75,000.00. The Plaintiff's medical billing records were received by Defendant on July 21, 2020. Therefore, this Notice of Removal is timely.

14. Pursuant to 28 U.S.C. § 1446(d), Defendant has given written notice of this removal to all parties and has filed a copy of this Notice of Removal in the Circuit Court, Fourteenth Judicial Circuit, in and for Bay County, Florida.

15. The United States District Court for the Northern District of Florida, Panama City Division, encompasses the location of the State Court action. Thus, Defendant may properly remove the State Court action to this District Court pursuant to 28 U.S.C. §1441(a).

16. The amount in controversy in this case is greater than $75,000.00 exclusive of interest and costs, and there is complete diversity between the parties (absent the fraudulent joinder of Defendant Wayne Harris). Therefore, this United States District Court has original jurisdiction pursuant to 28 U.S.C. §1332.

17. Pursuant to the rules of this Court, Defendant has submitted the $400.00 filing fee.

WHEREFORE, the Defendant respectfully requests that this Court accept the removal of this action from the Circuit Court, Fourteenth Judicial Circuit, in and for Bay County, Florida.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with the Clerk of the Court by using the Florida Courts Portal system and furnished to the following named addressees via email on this 14th day of August, 2020:

**RAFAEL J. ROCA, ESQUIRE**
**LAW OFFICES OF CRAIG GOLDENFARB**
1800 South Australian Avenue, Suite 400
West Palm Beach, FL 33409
Email: BuffMaria6503806@projects.filevine.com; Rroca@800goldlaw.com; Cgordon@800goldlaw.com; jrodriguez@800goldlaw.com
***Attorneys for Plaintiff***

**SAALFIELD SHAD, P.A.**

**/s/ Joseph B. Stokes, III**

______________________________
**JOSEPH B. STOKES, III, ESQUIRE**
Florida Bar Number: 897183
245 Riverside Avenue, Suite 400
Jacksonville, FL 32202
904/355-4401 (phone)
904/355-3503 (facsimile)

Email (Primary) jstokes@saalfieldlaw.com
Email (Secondary) llovein@saalfieldlaw.com; wdean@saalfieldlaw.com
Email (Tertiary) rjcsmith@saalfieldlaw.com
***Attorneys for Defendants***