**20001089CA - BUFF, MARIA vs. TARGET CORPORATION**

## SUMMARY

| | | |
|---|---|---|
| **Judge:** | **Court Type:** | **Case Type:** |
| FISHEL, JOHN L II | Circuit Civil | NEGLIGENCE PREMISES LIABILITY COMMERCIAL |
| **Case Number:** | **Uniform Case Number:** | **Status:** |
| 20001089CA | 032020CA001089CAXXXX | OPEN |
| **Clerk File Date:** | **Status Date:** | **Waive Speedy Trial:** |
| 6/2/2020 | 6/2/2020 | ☐ |
| **Total Fees Due:** | **Booking Number:** | **Agency:** |
| 0.00 | | |
| **Agency Report Number:** | **Custody Location:** | **Foreclosure:** |
| | | ACTIVE - 6/2/2020 |

## PARTIES

| TYPE | PARTY NAME | ADDRESS | ATTORNEY |
|---|---|---|---|
| PLAINTIFF | BUFF, MARIA | , | ROCA, RAFAEL J (Main Attorney) <br> Email: rroca@800goldlaw.com |
| PLAINTIFF | BUFF, ADAM | , | |
| DEFENDANT | TARGET CORPORATION | 1200 SOUTH PINE ISLAND ROAD <br> PLANTATION, FL 33324 | STOKES, JOSEPH B III <br> Email: jstokes@saalfieldlaw.com |
| DEFENDANT | HARRIS, WAYNE | 2340 FL77 <br> PANAMA CITY, FL 32405 | STOKES, JOSEPH B III (Main Attorney) <br> Email: jstokes@saalfieldlaw.com |

## EVENTS

| DATE | EVENT | JUDGE | LOCATION | RESULT |
|---|---|---|---|---|
| | | | No Events on Case | |

## OUTSTANDING AMOUNT

| COUNT | CODE | DESCRIPTION | ASSESSMENT | PAID | WAIVED | BALANCE | PAYMENT PLAN / JUDGMENT | DUE DATE |
|---|---|---|---|---|---|---|---|---|
| 1 | VOCF | CIVIL-OTHER FILING FEES | $400.00 | $400.00 | $0.00 | $0.00 | | |
| 2 | VSUM | CLERK TF/DOR SUMMONS | $20.00 | $20.00 | $0.00 | $0.00 | | |
| | | | | | Total Outstanding: | $0.00 | | |

## RECEIPTS

| DATE | RECEIPT # | APPLIED AMOUNT |
|---|---|---|
| 6/2/2020 | 2020023606 | $420.00 |

## CASE DOCKETS

| SEQ# | IMAGE | DATE | ENTRY |
|---|---|---|---|
| 33 | Request | 8/3/2020 | EP - PLAINTIFF'S SECOND REQUEST FOR PRODUCTION TO TARGET CORPORATION |
| 32 | Request | 8/3/2020 | EP - TARGET CORPORATION AND WAYNE HARRIS NOTICE OF SERVING ANSWERS TO PLAINTIFF'S INSURANCE INTERROGATORIES |
| 31 | Request | 8/3/2020 | EP - TARGET CORPORATION'S NOTICE OF SERVING ANSWERS TO PLAINTIFF'S INITIAL INTERROGATORIES |
| 30 | Request | 8/3/2020 | EP - DEFENDANT'S PRIVILEGE LOG |
| 29 | Request | 8/3/2020 | EP - TARGET CORPORATION'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS |
| 28 | Request | 8/3/2020 | EP - TARGET CORPORATION'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION |
| 27 | Request | 7/25/2020 | EP - RETURN OF SERVICE - SERVED 06/23/2020 WAYNE HARRIS |
| 26 | Request | 7/22/2020 | EP -DFTS NOTICE OF WITHDRAWING NOTICE OF PRODUCTION FROM NON PARTY |
| 25 | Request | 7/22/2020 | EP - NOTICE OF PRODUCTION OF RECORDS FROM NON-PARTY |
| 24 | Request | 7/21/2020 | EP - RESPONSE TO REQUEST FOR PRODUCTION |

**EXHIBIT A**
tabbies®

| SEQ# | IMAGE | DATE | ENTRY |
|---|---|---|---|
| 23 | Request | 7/21/2020 | EP - NOTICE OF SERVING ANSWERS TO INTERROGATORIES |
| 22 | Request | 7/21/2020 | EP - NOTICE OF SERVING ANSWERS TO INTERROGATORIES |
| 21 | Request | 7/13/2020 | EP - WAYNE HARRIS MOTION TO DISMISS PLAINTIFF'S COMPLAINT |
| 20 | Request | 6/29/2020 | EP - REQUEST FOR INSPECTION TO MARIA BUFF - TARGET CORPORATION |
| 19 | Request | 6/26/2020 | EP - MOTION TO DISMISS- DFT TARGET CORP |
| 18 | Request | 6/19/2020 | EP - REQUEST FOR PRODUCTION |
| 17 | Request | 6/19/2020 | EP - NOTICE OF SERVICE OF INTERROGATORIES |
| 16 | Request | 6/19/2020 | EP - NOTICE OF SERVICE OF INTERROGATORIES |
| 15 | Request | 6/19/2020 | EP - NOTICE OF APPEARANCE AND DESIGNATION OF E-MAIL ADDRESS |
| 14 | Request | 6/19/2020 | EP - RETURN OF SERVICE - SERVED - TARGET - 06/08/20 |
| 13 | Request | 6/2/2020 | PAYMENT $420.00 RECEIPT #2020023606 |
| 12 | | 6/2/2020 | CLERK TF/DOR SUMMONS ASSESSED $20.00 |
| 11 | Request | 6/2/2020 | EP - REQUEST FOR PRODUCTION |
| 10 | Request | 6/2/2020 | EP - REQUEST FOR ADMISSIONS |
| 9 | Request | 6/2/2020 | EP - NOTICE OF SERVICE OF INTERROGATORIES |
| 8 | Request | 6/2/2020 | EP - NOTICE OF SERVICE OF INTERROGATORIES |
| 7 | 3 | 6/2/2020 | EP - SUMMONS ISSUED - WAYNE HARRIS |
| 6 | 3 | 6/2/2020 | EP - SUMMONS ISSUED - TARGET CORPORATION |
| 5 | 6 | 6/2/2020 | EP - INITIAL COMPLAINT |
| 4 | Request | 6/2/2020 | EP - CIVIL COVER SHEET |
| 3 | | 6/2/2020 | JUDGE FISHEL, JOHN L II: ASSIGNED |
| 2 | | 6/2/2020 | DIVISION E ASSIGNED |
| 1 | | 6/2/2020 | CASE FILED 06/02/2020 CASE NUMBER 20001089CA |

/

Filing # 108275552 E-Filed 06/02/2020 03:11:41 PM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I.     CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>FOURTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>BAY</u>   COUNTY, FLORIDA

Case No.: <u>20001089CA</u>
Judge: _____

<u>Maria Buff, Adam Buff</u>
Plaintiff
          vs.
<u>Target Corporation, Wayne Harris</u>
Defendant

---

**II.     AMOUNT OF CLAIM**
    Please indicate the estimated amount of the claim rounded to the nearest dollar $<u>30,001</u>

**III.     TYPE OF CASE**     (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

| | |
|---|---|
| ☐ Condominium | ☐ Malpractice – other professional |
| ☐ Contracts and indebtedness | ☐ Other |
| ☐ Eminent domain | ☐ Antitrust/Trade Regulation |
| ☐ Auto negligence | ☐ Business Transaction |
| ☒ Negligence – other | ☐ Circuit Civil - Not Applicable |
| ☐ Business governance | ☐ Constitutional challenge-statute or ordinance |
| ☐ Business torts | ☐ Constitutional challenge-proposed amendment |
| ☐ Environmental/Toxic tort | ☐ Corporate Trusts |
| ☐ Third party indemnification | ☐ Discrimination-employment or other |
| ☐ Construction defect | ☐ Insurance claims |
| ☐ Mass tort | ☐ Intellectual property |
| ☐ Negligent security | ☐ Libel/Slander |
| ☐ Nursing home negligence | ☐ Shareholder derivative action |
| ☒ Premises liability – commercial | ☐ Securities litigation |
| ☐ Premises liability – residential | ☐ Trade secrets |
| ☐ Products liability | ☐ Trust litigation |
| ☐ Real Property/Mortgage foreclosure | |
| ☐ Commercial foreclosure | ☐ County Civil |
| ☐ Homestead residential foreclosure | ☐ Small Claims up to $8,000 |
| ☐ Non-homestead residential foreclosure | ☐ Civil |
| ☐ Other real property actions | ☐ Replevins |
| ☐ Professional malpractice | ☐ Evictions |
| ☐ Malpractice – business | ☐ Other civil (non-monetary) |
| ☐ Malpractice – medical | |

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

IV.   **REMEDIES SOUGHT** (check all that apply):
    ☒  Monetary;
    ☐  Non-monetary declaratory or injunctive relief;
    ☐  Punitive

V.   **NUMBER OF CAUSES OF ACTION:**
    (Specify)

    <u>3</u>

VI.   **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐  Yes
    ☒  No

VII.   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒  No
    ☐  Yes – If "yes" list all related cases by name, case number and court:

VIII.   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒  Yes
    ☐  No

___

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:  <u>s/ Rafael J Roca</u>
        Attorney or party
FL Bar No.:  <u>744050</u>
        (Bar number, if attorney)
        <u>Rafael J Roca</u>
        (Type or print name)
Date:  <u>06/02/2020</u>

Filing # 108275552 E-Filed 06/02/2020 03:11:41 PM

IN THE CIRCUIT COURT OF
FOURTEENTH JUDICAL CIRCUIT IN
AND FOR BAY COUNTY, FLORIDA

**CASE NO.:** 20001089CA

MARIA BUFF and ADAM BUFF, her
husband,

       Plaintiffs,

vs.

TARGET CORPORATION, a Foreign
Profit Corporation, and WAYNE HARRIS,
individually,

       Defendants.

_____/

## COMPLAINT

**COMES NOW** the Plaintiffs, MARIA BUFF and ADAM BUFF, her husband, by and through their undersigned attorneys, and hereby sues the Defendant, TARGET CORPORATION, a Foreign Profit Corporation, (hereinafter "TARGET") and WAYNE HARRIS, individually, (hereinafter "HARRIS"), and allege as follows:

## GENERAL ALLEGATIONS

1.    This is an action for damages in excess of the sum of Thirty Thousand ($30,000.00) Dollars, exclusive of costs, interest and attorney's fees.

2.    At all times material hereto, the Plaintiff, MARIA BUFF, is and was a resident of Bay County, Florida.

3.    At all times material hereto, the Plaintiff, ADAM BUFF, is and was a resident of Bay County, Florida.

1

4.     At all times material hereto, the Defendant, TARGET, was a corporation duly licensed and authorized to conduct business in the State of Florida, and doing business in Bay County, Florida.

5.     At all times material hereto, the Defendant, HARRIS, is and was a resident of Bay County, Florida.

6.     On or about October 18, 2019, the Plaintiff was legally upon the property of the Defendant as a business invitee and as a member of the general public that was expressly or impliedly invited upon said premises for the benefit of the Defendant and was injured when she slipped on a wet floor and fell.

7.     The Defendant, TARGET, its agents, servants, and/or employees acting within the course and scope of such agency, service or employment, had a non-delegable duty to the general public to properly maintain said premises in a reasonably safe condition for the general public while they were on the premises, especially in view of the fact that such condition was known or should have been known to the Defendant.

8.     At all times material hereto, the Defendant, HARRIS, was an apparent agent, agent and/or employee of the Defendant, TAGET.

## COUNT I – NEGLIGENCE AGAINST DEFENDANT, TARGET CORPORATION

9.     The Plaintiff, MARIA BUFF, hereby realleges and reavers each and every General Allegation contained in paragraphs 1-8, above, as though fully set forth herein.

10.     On or about the date of the accident, October 18, 2019, the Defendant, TARGET, owned, operated, managed and/or was in control of a business located at 2340 FL-77, Panama City, Bay County, Florida and known as Target.

11.     At the time and place aforesaid, the Defendant, through its agents, servants and/or employees, while acting within the scope and course of such agency or employment, were negligent in one or more of the following ways:

a.   Failing to maintain the premises and/or its areas of ingress and egress in a reasonably safe condition.

b.   Failing to correct a dangerous condition consisting of a wet floor that it knew or reasonably should have known existed.

c.   Failing to warn plaintiff about a dangerous condition consisting of a wet floor that the defendant reasonably did or reasonably should have had superior knowledge about and that plaintiff did not know existed.

d.   Failing to correct a dangerous condition consisting of a wet floor that occurred with regularity and that was therefore foreseeable.

e.   Failing to train its employees in the proper methods of inspecting for, cleaning up and/or warning about a dangerous condition that the defendant knew or should have known existed or that occurred with regularity and that was therefore foreseeable.

f.   Creating the condition by its business activities and the activities of its agents, employees, vendors, suppliers and/or authorized representatives.

g.   By engaging in a negligent or unreasonable mode of business operation.

h.   In constructing, repairing, replacing or maintaining its premises in violation of applicable building codes, statutes and ordinances.

i.   The condition occurred with regularity and was therefore foreseeable.

j.   The Defendant, TARGET, failed to exercise reasonable care under all of the relevant surroundings circumstances.

12.     The Defendant, TARGET, had actual or constructive knowledge of the dangerous condition and failed to take action to remedy it.

13.     As a direct and proximate result of the negligence of Defendant, TARGET, the Plaintiff, MARIA BUFF, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money and aggravation of a pre-existing condition.  The losses are either permanent or continuing in nature and Plaintiff, MARIA BUFF, will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, MARIA BUFF, demands judgment for damages against the Defendant, TARGET CORPORATION, a Foreign Profit Corporation, plus costs and post judgment interest and further demands trial by jury.

<u>**COUNT II – NEGLEIGENCE AGAINST DEFENDANT, WAYNE HARRIS**</u>

14.     The Plaintiff, MARIA BUFF, hereby realleges and reavers each and every General Allegation contained in paragraphs 1-8, above, as though fully set forth herein.

15.     At all times material hereto, Defendant, HARRIS, was the manager of the subject premises owned and operated by Defendant, TARGET, and was acting within the course and scope of his employment with Defendant, TAGET.

16.     At all times material hereto, Defendant, HARRIS, had a duty to maintain the premises in a reasonable and safe condition.

17.     At all times material hereto, while acting within the course and scope of his employment, Defendant, HARRIS, was directly responsible for maintaining and operating the subject premises and executing its policies and procedures. Defendant, HARRIS, permitted an unreasonably dangerous condition to exist on the premises consisting of was on the floor.

18.     At all times material hereto, Defendant, HARRIS, while with superior knowledge of the manner in which the premises were maintained, failed to warn and/or inspect the premises to determine the presence of the dangerous manner consisting of was on the floor.

19.     The Defendant, HARRIS, his agents, servants, and/or employees acting within the course and scope of such agency, service or employment, had a non-delegable duty to the general public to properly maintain said premises in a reasonably safe condition for the general public while they were on the premises, especially in view of the fact that such condition was known or should have been known to the Defendant.

20.     As a direct and proximate result of the negligence of Defendant, HARRIS, the Plaintiff, MARIA BUFF, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money and aggravation of a pre-existing condition.  The losses are either permanent or continuing in nature and Plaintiff, MARIA BUFF, will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, MARIA BUFF, demands judgment for damages against the Defendant, WAYNE HARRIS, individually plus costs and post judgment interest and further demands trial by jury.

### COUNTY III - CONSORTIUM CLAIM OF PLAINTIFF, ADAM BUFF AGAINST DEFENDANTS TARGET CORPORATION AND WAYNE HARRIS

21.     The Plaintiff, ADAM BUFF, hereby re-alleges and re-avers all the General Allegations contained in paragraphs 1 - 8 above, as though fully set forth herein.

22.     That at all times material to the cause herein, the Plaintiffs, ADAM BUFF and MARIA BUFF, were living together as husband and wife.

23.     As a direct and proximate result of the afore said negligence of Defendants, TARGET, and HARRIS, the Plaintiff, ADAM BUFF, has suffered in the past and will continue to suffer for an

indefinite time in the future the deprivation of the consortium services of his wife, MARIA BUFF, who prior to the incident herein, had been in good health and fully capable of performing any of her household and family relationship duties, but now cannot or is limited in doing so.

**WHEREFORE**, Plaintiff, ADAM BUFF, demands judgment for damages plus costs and interest against the Defendants, TARGET CORPORATION and WAYNE HARRIS, and further demands trial by jury.

DATED: June 2, 2020.

LAW OFFICES OF CRAIG GOLDENFARB
*Attorneys for Plaintiffs*
1800 South Australian Avenue
Suite 400
West Palm Beach, FL 33409
(561) 697-4440 / Fax: (561) 687-1950

By:  */s/ Rafael J. Roca*_____
RAFAEL J. ROCA
FL Bar No.: 744050
Primary Email: BuffMaria6503806@projects.filevine.com
Secondary Email: Rroca@800goldlaw.com
Paralegal's Email: Cgordon@800goldlaw.com

6

Filing # 108275552 E-Filed 06/02/2020 03:11:41 PM

CIVIL ACTION SUMMONS

IN THE CIRCUIT COURT OF
FOURTEENTH JUDICAL CIRCUIT IN
AND FOR BAY COUNTY, FLORIDA

**CASE NO.:** 20001089CA

MARIA BUFF and ADAM BUFF, her
husband,

      Plaintiffs,

vs.

TARGET CORPORATION, a Foreign
Profit Corporation, and WAYNE HARRIS,
individually,

      Defendants.

_____/

### SUMMONS

TO DEFENDANT:      TARGET CORPORATION, a Foreign Profit Corporation
By Serving:      CT Corporation System, Registered Agent
                  1200 S. Pine Island Road
                  Plantation, FL 33324

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint/Petition with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

RAFAEL J. ROCA, ESQUIRE
LAW OFFICES OF CRAIG GOLDENFARB, P.A.
1800 S. Australian Ave., Suite 400
West Palm Beach, FL 33409
Fla. Bar No. 744050
(561) 697-4440

THE STATE OF FLORIDA

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this Summons and a copy of the complaint/petition in this lawsuit on the above-named Defendant(s).

Each defendant is required to serve written defenses to the complaint or petition on

      RAFAEL J. ROCA, ESQ.
      LAW OFFICES OF CRAIG GOLDENFARB

Plaintiff's attorney, whose address is:

      1800 S. Australian Avenue, Suite 400
      West Palm Beach, FL 33409
      (561) 697-4440

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on _____ 6/2/2020 _____, ████

                       As Clerk of the Court

(Seal)

                                           *Haley Fernandez*
By_____
                      As Deputy Clerk

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 Dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no concoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le triunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Filing # 108275552 E-Filed 06/02/2020 03:11:41 PM

CIVIL ACTION SUMMONS

IN THE CIRCUIT COURT OF
FOURTEENTH JUDICAL CIRCUIT IN
AND FOR BAY COUNTY, FLORIDA

**CASE NO.:** 20001089CA

MARIA BUFF and ADAM BUFF, her
husband,

      Plaintiffs,

vs.

TARGET CORPORATION, a Foreign
Profit Corporation, and WAYNE HARRIS,
individually,

      Defendants.

_____/

### SUMMONS

TO DEFENDANT:      WAYNE HARRIS, individually
By Serving:      Wayne Harris
                    2340 FL-77
                    Panama City, FL 32405

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint/Petition with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

RAFAEL J. ROCA, ESQUIRE
LAW OFFICES OF CRAIG GOLDENFARB, P.A.
1800 S. Australian Ave., Suite 400
West Palm Beach, FL 33409
Fla. Bar No. 744050
(561) 697-4440

THE STATE OF FLORIDA

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this Summons and a copy of the complaint/petition in this lawsuit on the above-named Defendant(s).

Each defendant is required to serve written defenses to the complaint or petition on

      RAFAEL J. ROCA, ESQ.
      LAW OFFICES OF CRAIG GOLDENFARB

Plaintiff's attorney, whose address is:

      1800 S. Australian Avenue, Suite 400
      West Palm Beach, FL 33409
      (561) 697-4440

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on           6/2/2020      ,

                                As Clerk of the Court

(Seal)

                          By _Haley Fernandez_____
                                   As Deputy Clerk

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 Dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no concoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le triunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Filing # 108275552 E-Filed 06/02/2020 03:11:41 PM

IN THE CIRCUIT COURT OF
FOURTEENTH JUDICAL CIRCUIT IN
AND FOR BAY COUNTY, FLORIDA

**CASE NO.:**20001089CA

MARIA BUFF and ADAM BUFF, her
husband,

     Plaintiffs,

vs.

TARGET CORPORATION, a Foreign
Profit Corporation, WAYNE HARRIS,
individually, and ACE AMERICAN
INSURANCE COMPANY, a Foreign
Profit Corporation,

     Defendants.

_____/

### PLAINTIFF'S NOTICE OF SERVING INITIAL INTERROGATORIES TO DEFENDANT, TARGET CORPORATION

    **COMES NOW** the Plaintiffs, MARIA BUFF and ADAM BUFF, her husband, by and through his/her/their undersigned counsel, and hereby gives notice of serving their Initial Interrogatories numbered one through twenty-eight (1 -28) to Defendant, TARGET CORPORATION, a Foreign Profit Corporation.

### CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing was served with Summons, Complaint, Insurance Interrogatories, First Request for Production, and Requests for Admissions.

LAW OFFICES OF CRAIG GOLDENFARB, P.A.
*Attorney for Plaintiff(s)*
1800 S. Australian Ave., Suite 400
West Palm Beach, FL 33409
(561) 697-4440
By: _/s/Rafael J. Roca_____
RAFAEL J. ROCA
FL Bar No. 744050
Primary Email: BuffMaria6503806@projects.filevine.com
Secondary Email: Rroca@800goldlaw.com
Paralegal's Email: Cgordon@800goldlaw.com

1

Filing # 108275552 E-Filed 06/02/2020 03:11:41 PM

IN THE CIRCUIT COURT OF
FOURTEENTH JUDICAL CIRCUIT IN
AND FOR BAY COUNTY, FLORIDA

**CASE NO.:** 20001089CA

MARIA BUFF and ADAM BUFF, her
husband,

       Plaintiffs,

vs.

TARGET CORPORATION, a Foreign
Profit Corporation, WAYNE HARRIS,
individually, and ACE AMERICAN
INSURANCE COMPANY, a Foreign
Profit Corporation,

       Defendants.

_____/

## PLAINTIFF'S NOTICE OF SERVING INSURANCE INTERROGATORIES TO DEFENDANT, TARGET CORPORATION

    **COMES NOW** the Plaintiffs, MARIA BUFF and ADAM BUFF, her husband, by and through their undersigned counsel, and make notice of serving Insurance Interrogatories to Defendant, TARGET CORPORATION.

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing was E-Filed and served with the Summons, Complaint, Initial Interrogatories, First Request for Production and Request for Admissions.

LAW OFFICES OF CRAIG GOLDENFARB, P.A.
*Attorney for Plaintiff(s)*
1800 S. Australian Ave., Suite 400
West Palm Beach, FL 33409
(561) 697-4440
By: _/s/Rafael J. Roca_____
RAFAEL J. ROCA
FL Bar No. 744050
Primary Email: BuffMaria6503806@projects.filevine.com
Secondary Email: Rroca@800goldlaw.com
Paralegal's Email: Cgordon@800goldlaw.com

1

Filing # 108275552 E-Filed 06/02/2020 03:11:41 PM

IN THE CIRCUIT COURT OF
FOURTEENTH JUDICAL CIRCUIT IN
AND FOR BAY COUNTY, FLORIDA

**CASE NO.:20001089CA**

MARIA BUFF and ADAM BUFF, her
husband,

      Plaintiffs,

vs.

TARGET CORPORATION, a Foreign
Profit Corporation, and WAYNE HARRIS,
individually,

      Defendants.

_____/

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT, TARGET CORPORATION

**COMES NOW** the Plaintiffs, MARIA BUFF and ADAM BUFF, her husband, by and through their undersigned counsel, and request the Defendant, TARGET CORPORATION, to admit or deny the following:

1. Admit that the Plaintiff was legally on the Defendant's property on the date of incident.

2. Admit that the Defendant failed to maintain the premises in a reasonably safe condition.

3. Admit that the Defendant has a nondelegable duty to maintain its premises in a reasonably safe condition.

4. Admit that the Defendant failed to correct the dangerous condition of water on the floor.

5. Admit that the Defendant failed to warn the Plaintiff about water on the floor.

6. Admit that the Defendant failed to train its employees in proper methods of inspecting, cleaning and/or waring about water on the floor.

7. Admit that the Plaintiff sustained injuries as a result of this incident.

1

8.   Admit that the Plaintiff's injuries are causally related to this incident.

9.   Admit that the Plaintiff received medical care and treatment that is causally related to this incident.

10.  Admit that the Plaintiff incurred medical bills for treatment as a result of this incident.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was E-Filed and served with the Summons, Complaint, Insurance Interrogatories, Initial Interrogatories and First Request for Production.

LAW OFFICES OF CRAIG GOLDENFARB, P.A.
*Attorneys for Plaintiff(s)*
1800 S. Australian Ave., Ste. 400
West Palm Beach, FL 33409
(561) 697-4440

By:  _/s/Rafael J. Roca_____
RAFAEL J. ROCA
FL Bar No.: 744050
Primary Email: BuffMaria6503806@projects.filevine.com
Secondary Email: Rroca@800goldlaw.com
Paralegal's Email: Cgordon@800goldlaw.com

Filing # 108275552 E-Filed 06/02/2020 03:11:41 PM

IN THE CIRCUIT COURT OF
FOURTEENTH JUDICAL CIRCUIT IN
AND FOR BAY COUNTY, FLORIDA

**CASE NO.:** 20001089CA

MARIA BUFF and ADAM BUFF, her
husband,

      Plaintiffs,

vs.

TARGET CORPORATION, a Foreign
Profit Corporation, and WAYNE HARRIS,
individually,

      Defendants.

_____/

## <u>PLAINTIFF'S PREMISES REQUEST FOR PRODUCTION</u><br><u>TO DEFENDANT, TARGET CORPORATION</u>

    **COMES NOW** the Plaintiff, MARIA BUFF and ADAM BUFF, her husband, by and through their undersigned counsel, and hereby requests the Defendant, TARGET CORPORATION, a Foreign Profit Corporation, to produce for inspection and/or photocopying within forty-five (45) days from the date of service of this Request, pursuant to Florida Rules of Civil Procedures, at the Law Offices of Craig Goldenfarb, P.A., the following:

    1.    The Table(s) of Contents for any and all manuals or guidelines governing the conduct of any employees in effect on 10/18/2019, including employee training manuals.

    2.    Any photographs or video in any form of media, taken by or on behalf of the Defendant, that relate to the parties and/or the entire store or location of the occurrence, including but not limited to, in-store photos or video, from five (5) hours before to one (1) hour after the subject accident.

    3.    Any and all written or recorded statements obtained from, or signed by, the Plaintiff.

1

4.      Any/all full and complete liability insurance policies in effect on 10/18/2019 including excess or umbrella policies.

5.      Any and all denial of coverage, or reservation of rights letters from your insurance carrier(s).

6.      Any zone log, inspection log, or other form of inspection record from the period 24 hours before the accident, up to and including the entire day of the accident, and 24 hours after the accident, for the area of the subject location where the Plaintiff had the subject incident.

7.      Any post-accident photographs or video in any form or media of the Plaintiff, including, but not limited to, "surveillance" photographs or video, taken by any person or entity.

8.      Any/all correspondence, e-mails, texts, letters, or other communications between the Plaintiff and Defendant, or between Plaintiff and Defendant's insurance company, or between Plaintiff and Defendant's adjusters or investigators, from any point in time.  (***This request is NOT asking for any work product or attorney client correspondence, it is ONLY requesting documents sent to or received by Plaintiff***).

9.      Any/all job descriptions, in effect on the date of the subject incident, for any employees at or near the scene of the subject incident from one hour before, to one hour after, the subject incident.

10.      Any/all documents showing the existence of slip and fall injury claims (workers comp or liability) made by employees or customers at the entire subject store location for 2 years prior to October 18, 2019.

11.      Any/all store policies in effect on October 18, 2019 at the subject store regarding what shoes or footwear employees were supposed to wear.  If such policies are pursuant to some OSHA or other standard, rule, or regulation, please provide a copy of such standard.

12.     Any/all communications from or to any witnesses to the subject incident.

13.     For any accidents <u>after</u> the subject accident of October 18, 2019, where an employee or customer slipped and/or fell on a transitory foreign object or substance, please provide:

    a.     Address, telephone number, e-mail address and date of birth of the employee or customer

    b.     Location of the fall within the store

    c.     Claim number of the claim, if any

    d.     The case number and the County in which the lawsuit was filed, if any

    e.     Name/address of their lawyer, if any

    f.     Whether the person was a customer or employee

    g.     The identity of the cause of the fall (i.e., the identity of the transitory object or substance)

<u>Glanzberg v. Kauffman</u>, 788 So.2d 252 (Fla. 4th DCA 2000); <u>Criswell v. Best Western</u>, 636 So.2d 562 (Fla. 3d DCA 1994).

14.     Any/all documents that show the layout of the entire Defendant's premises on 10/18/2019, including the scene of the accident, in its original format and size.  If there is a reasonable cost in producing such document in its original form and size, please produce this document, along with an invoice for such reproduction, or provide an electronic version of same.

15.     Any/all incident or accident reports for the subject incident.  If objected to, please provide a privilege log, identifying the number of pages of such document(s), the date produced, by whom, and whose possession the subject report(s) are in, so that an in-camera inspection can occur, if necessary.

16.     Any/all documents or diagrams or photographs showing which products were on the entire aisle <u>and</u> which products were displayed at the precise location where Plaintiff's incident occurred, including but not limited to, any merchandising plans.

17.     Any/all documents or diagrams showing any sampling stands, outside vendor booths or stands, or other such stands, in the store, that were present on the date of the subject incident.

18.     Any/all repair or maintenance records, or other documents, concerning leaks of any sort from any roofing or machinery or coolers or refrigeration or heating, ventilation or air conditioning systems, at or near the location of the Plaintiff's incident, for 6 mo. before and one week after, the subject incident.

19.     Pictures of any/all warning or floor safety devices (cones, signs, floor mats or other) allegedly warning the Plaintiff of any danger, allegedly present in the Defendant's premises on the date of Plaintiff's incident.

20.     An actual exemplar of any actual warning signs or floor safety devices, including cones or signs or floor safety mats, that were available in the subject store on the date of the subject incident.  If the Defendant is willing to provide same for inspection in lieu of production, please indicate so, so that such an inspection may be arranged.

21.     Any documents or diagrams, showing where floor safety mats were located in the subject store on the date of the Plaintiff's incident.

22.     Any/all purchase orders, receipts, invoices, or other documents identifying the warning signs or floor safety devices that were available and present in the Defendant's premises on the date of the Plaintiff's incident, including but not limited to, cones, wet floor signs, safety mats, or other warning or safety devices.

23.     Any/all manager or management training videos or manuals or other training documents regarding store safety or prevention of accidents or injuries in effect for a two-year period prior to October 18, 2019.

24.     Any/all employee training videos or manuals or other training documents regarding store safety or prevention of accidents or injuries in effect for a two year period prior to 10/18/2019.

25.     Any/all in house meeting notes, syllabi, memos, handouts, e-mails, minutes, or videos for ongoing employee and manager training, regarding store safety from a period two years before 10/18/2019, for the subject store.

26.     Any external evaluations or inspections concerning issues of store safety related to potential slip and fall hazards performed by an outside insurance company, business, vendor, government agency (including OSHA) of the subject store for a period of three years before 10/18/2019.

27.     Any internal evaluations or inspections concerning issues of store safety related to potential slip and fall hazards  performed by the Defendant, of the subject store, by the Defendant or its corporate parent or subsidiaries, for a period of three years before October 18, 2019.

28.     The entire personnel file, **with social security number and personal health information** redacted, of all of Defendant's employees identified as having knowledge of the subject incident, by the Defendant, in response to Plaintiff's interrogatories.

29.     Defendant's accident reporting protocol or guidelines for the subject store, in effect on the date of Plaintiff's incident.

30.     Defendant's video preservation protocol or guidelines for the subject store, in effect on the date of the Plaintiff's incident.

31.     Defendant's spill response protocol or guidelines for the subject store, in effect on the date of Plaintiff's incident.

32.     Please produce a privilege log for any and all documents objected to based on any privilege in the above request to produce.

33.     Copies of any and all documents that reflect cleaning activity located on Defendant's premises and more specifically, at TARGET, on October 18, 2019.

34.     Any and all Documents of any kind whatsoever contained within the personnel file of Defendant, WAYNE HARRIS, including but not limited to any and all work records, applications for employment, resignation and/or termination letter, attendance charts, health forms, application for group health coverage (including claim forms), workers compensation forms and all other information in your possession or control pertaining the employment of the above indiviual from the first date of employment to the date of termination, or, if still employed, to the present.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was E-Filed and served with the Summons, Complaint, Insurance Interrogatories, Initial Interrogatories and Requests for Admissions.

LAW OFFICES OF CRAIG GOLDENFARB, P.A.
*Attorney for Plaintiff(s)*
1800 South Australian Ave., Suite 400
West Palm Beach, FL 33409
(561) 697-4440

By:  _/s/Rafael J. Roca_____
RAFAEL J. ROCA
FL Bar No.: 744050
Primary Email: BuffMaria6503806@projects.filevine.com
Secondary Email: Rroca@800goldlaw.com
Paralegal's Email: Cgordon@800goldlaw.com



**Bay County Receipt of Transaction**
**Receipt # 2020023606**

BILL KINSAUL
Clerk of Court
Bay County, Florida

ROCA, RAFAEL J
1800 S. AUSTRALIAN AVENUE
SUITE 400
WEST PALM BEACH, FL 33409

Cashiered by:  HFERNANDEZ
On: 06/02/2020   2:52 pm
Transaction # 2275251

CaseNumber  20001089CA

**Judge  JOHN L FISHEL II**

**MARIA BUFF  VS  TARGET CORPORATION**

Comments:

| Fee Description | Fee | Prior Paid | Waived | Due | Paid | Balance |
|---|---|---|---|---|---|---|
| (VOCF) CIVIL-OTHER FILING FEES | 400.00 | 0.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| (VSUM) CLERK TF/DOR SUMMONS | 20.00 | 0.00 | 0.00 | 20.00 | 20.00 | 0.00 |
| Total | 420.00 | 0.00 | 0.00 | 420.00 | 420.00 | 0.00 |
| Grand Total | 420.00 | 0.00 | 0.00 | 420.00 | 420.00 | 0.00 |

PAYMENTS

| Payment Type | Reference | | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|---|
| EFILE | 28133382 | OK | 420.00 | 0.00 | 0.00 | 0.00 | 420.00 |
| | | | 420.00 | 0.00 | 0.00 | 0.00 | 420.00 |

Filing # 109120598 E-Filed 06/19/2020 12:40:08 PM

<u>**AFFIDAVIT OF SERVICE**</u>

State of Florida                          **County of Bay**                                **Circuit Court**

Case Number: 20001089CA

Plaintiff:
**Maria Buff, et al.**

vs.

Defendant:
**Target Corporation, et al.**

NOV2020001831

For:
Craig Goldenfarb, P.A., Law Offices of
1800 S Australian Avenue
Suite 400
West Palm Beach, FL 33409

Received by De Novo Attorney Services on the 5th day of June, 2020 at 12:57 pm to be served on **Target Corporation, s/o CT Corporation System, Registered Agent, 1200 S. Pine Island Road, Plantation, FL 33324**.

I, Henri J. Werner, being duly sworn, depose and say that on the **8th day of June, 2020 at 2:50 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons, Complaint, Request for Admissions, Plaintiff's Notice of Serving Interrogatories to Defendant, Interrogatories, Plaintiff's Notice of Serving Insurance Interrogatories to Defendant, Insurance Interrogatories, and Plaintiff's Request for Production to Defendant** with the date and hour of service endorsed thereon by me, to: **DONNA MOCH, AUTHORIZED SERVICE TECH FOR CT CORPORATION SYSTEM** as **Registered Agent** at the address of: **1200 S. Pine Island Road, Plantation, FL 33324** on behalf of **Target Corporation, s/o CT Corporation System, Registered Agent** and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 50s, Sex: F, Race/Skin Color: WHITE, Height: 5'3, Weight: 125, Hair: BROWN, Glasses: N

Under penalty of perjury, I declare that I have read the foregoing and that the facts stated in it are true, that I am a Sheriff Appointed Process Server in the county in which this defendant/witness was served and have no interest in the above action.  Pursuant to FS 92.525(2), no notary is required.

Subscribed and Sworn to before me on the 10th
day of June, 2020 by the affiant who is personally
known to me.

_____
NOTARY PUBLIC

Henri J. Werner
SPS#847

**De Novo Attorney Services
3300 Fairchild Gardens Avenue
#30786
Palm Beach Gardens, FL 33420
(800) 846-9696**

Our Job Serial Number: NOV-2020001831
Ref: Buff

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1m

Filing # 109134904 E-Filed 06/19/2020 03:05:55 PM

IN THE CIRCUIT COURT, FOURTEENTH
JUDICIAL CIRCUIT, IN AND FOR BAY
COUNTY, FLORIDA

CASE NO.:    20201089CA

MARIA BUFF and ADAM BUFF, her
husband,

      Plaintiffs,

v.

TARGET CORPORATION, a Foreign
Profit Corporation, and WAYNE HARRIS,
individually,

      Defendants.

_____/

## NOTICE OF APPEARANCE AND DESIGNATION
## OF EMAIL ADDRESSES FOR SERVICE OF DOCUMENTS

    COMES NOW, Joseph B. Stokes, III, Esquire, of SAALFIELD SHAD, P.A., and files this

Notice of Appearance as attorney of record in the above-captioned matter on behalf of the

Defendant, TARGET CORPORATION.

    Pursuant to Florida Rule of Judicial Administration 2.516(1)(A), Defendant hereby gives

notice of the primary and secondary email addresses of its counsel as follows:

| | |
|---|---|
| Counsel's Name | Joseph B. Stokes, III |
| Primary Email Address: | jstokes@saalfieldlaw.com |
| Secondary Email Addresses: | llovein@saalfieldlaw.com;<br>wdean@saalfieldlaw.com |
| Tertiary Email Address: | rjcsmith@saalfieldlaw.com |

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with

the Clerk of the Court by using the Florida Courts Portal system and furnished to the following

named addressees via email on this 19th day of June, 2020:

**RAFAEL J. ROCA, ESQUIRE**
**LAW OFFICES OF CRAIG GOLDENFARB**
1800 South Australian Avenue, Suite 400
West Palm Beach, FL 33409
Email: BuffMaria6503806@projects.filevine.com; Rroca@800goldlaw.com;
Cgordon@800goldlaw.com
*Attorneys for Plaintiff*

**SAALFIELD SHAD, P.A.**

**/s/ Joseph B. Stokes, III**
_____
**JOSEPH B. STOKES, III, ESQUIRE**
Florida Bar Number: 897183
**RUBY JO CATHERINE SMITH, ESQUIRE**
Florida Bar Number: 112741
245 Riverside Avenue, Suite 400
Jacksonville, FL 32202
904/355-4401 (phone)
904/355-3503 (facsimile)
Email (Primary) jstokes@saalfieldlaw.com
Email (Secondary) llovein@saalfieldlaw.com;
wdean@saalfieldlaw.com
Email (Tertiary) rjcsmith@saalfieldlaw.com
*Attorneys for Defendant*

Filing # 109134904 E-Filed 06/19/2020 03:05:55 PM

IN THE CIRCUIT COURT, FOURTEENTH
JUDICIAL CIRCUIT, IN AND FOR BAY
COUNTY, FLORIDA

CASE NO.:    20201089CA

MARIA BUFF and ADAM BUFF, her
husband,

     Plaintiffs,

v.

TARGET CORPORATION, a Foreign
Profit Corporation, and WAYNE HARRIS,
individually,

     Defendants.

_____/

## NOTICE OF SERVICE OF DEFENDANT'S, TARGET CORPORATION, FIRST INTERROGATORIES TO PLAINTIFF MARIA BUFF

Defendant, TARGET CORPORATION, hereby gives notice that Defendant's

Interrogatories to Plaintiff, **MARIA BUFF**, numbered one (1) through twenty-eight (28), have

been served upon Plaintiff, c/o Rafael J. Roca, Esquire, by Electronic Mail.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with

the Clerk of the Court by using the Florida Courts Portal system and furnished to the following

named addressees via email on this 19th day of June, 2020:

**RAFAEL J. ROCA, ESQUIRE**
**LAW OFFICES OF CRAIG GOLDENFARB**
1800 South Australian Avenue, Suite 400
West Palm Beach, FL 33409
Email: BuffMaria6503806@projects.filevine.com; Rroca@800goldlaw.com;
Cgordon@800goldlaw.com
*Attorneys for Plaintiff*

        **SAALFIELD SHAD, P.A.**

        **/s/ Joseph B. Stokes, III**

        _____

        **JOSEPH B. STOKES, III, ESQUIRE**

Florida Bar Number: 897183
**RUBY JO CATHERINE SMITH, ESQUIRE**
Florida Bar Number: 112741
245 Riverside Avenue, Suite 400
Jacksonville, FL 32202
904/355-4401 (phone)
904/355-3503 (facsimile)
Email (Primary) jstokes@saalfieldlaw.com
Email (Secondary) llovein@saalfieldlaw.com;
wdean@saalfieldlaw.com
Email (Tertiary) rjcsmith@saalfieldlaw.com
***Attorneys for Defendant***

Filing # 109134904 E-Filed 06/19/2020 03:05:55 PM

IN THE CIRCUIT COURT, FOURTEENTH
JUDICIAL CIRCUIT, IN AND FOR BAY
COUNTY, FLORIDA

CASE NO.:    20201089CA

MARIA BUFF and ADAM BUFF, her
husband,

      Plaintiffs,

v.

TARGET CORPORATION, a Foreign
Profit Corporation, and WAYNE HARRIS,
individually,

      Defendants.

_____/

### NOTICE OF SERVICE OF DEFENDANT'S, TARGET CORPORATION, FIRST CONSORTIUM INTERROGATORIES TO PLAINTIFF ADAM BUFF

Defendant, TARGET CORPORATION, hereby gives notice that Defendant's Consortium

Interrogatories to Plaintiff, **ADAM BUFF**, numbered one (1) through twenty-one (21), have been

served upon Plaintiff, c/o Rafael J. Roca, Esquire, by Electronic Mail.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with

the Clerk of the Court by using the Florida Courts Portal system and furnished to the following

named addressees via email on this 19th day of June, 2020:

**RAFAEL J. ROCA, ESQUIRE**
**LAW OFFICES OF CRAIG GOLDENFARB**
1800 South Australian Avenue, Suite 400
West Palm Beach, FL 33409
Email: BuffMaria6503806@projects.filevine.com; Rroca@800goldlaw.com;
Cgordon@800goldlaw.com
*Attorneys for Plaintiff*

      **SAALFIELD SHAD, P.A.**

      **/s/ Joseph B. Stokes, III**

      _____
      **JOSEPH B. STOKES, III, ESQUIRE**

Florida Bar Number: 897183
**RUBY JO CATHERINE SMITH, ESQUIRE**
Florida Bar Number: 112741
245 Riverside Avenue, Suite 400
Jacksonville, FL 32202
904/355-4401 (phone)
904/355-3503 (facsimile)
Email (Primary) jstokes@saalfieldlaw.com
Email (Secondary) llovein@saalfieldlaw.com;
wdean@saalfieldlaw.com
Email (Tertiary) rjcsmith@saalfieldlaw.com
*Attorneys for Defendant*

Filing # 109134904 E-Filed 06/19/2020 03:05:55 PM

IN THE CIRCUIT COURT, FOURTEENTH
JUDICIAL CIRCUIT, IN AND FOR BAY
COUNTY, FLORIDA

CASE NO.:    20201089CA

MARIA BUFF and ADAM BUFF, her
husband,

      Plaintiffs,

v.

TARGET CORPORATION, a Foreign
Profit Corporation, and WAYNE HARRIS,
individually,

      Defendants.

_____/

## DEFENDANT'S, TARGET CORPORATION, FIRST REQUEST FOR PRODUCTION TO PLAINTIFF MARIA BUFF

Defendant, TARGET CORPORATION, by and through its undersigned attorneys, hereby

requests pursuant to Rule 1.350, Florida Rules of Civil Procedure, that Plaintiff, MARIA BUFF,

produce and permit Defendant to inspect and copy each of the following documents:

1.    Medical bills, including but not limited to doctors, hospitals and prescriptions

arising out of the alleged injuries which are the subject of your Complaint.

2.    Income tax returns for the years 2015 through 2019, including W-2 forms filed.

3.    Hospital records concerning any and all hospitalizations arising out of the alleged

injuries to Plaintiff which are in your or your attorney's possession, custody or control.

4.    Medical records from any doctors, nurses or other health care providers who have

seen and/or treated Plaintiff as a result of the alleged injuries pled in the Complaint.

5.    Medical reports, opinions or other written memoranda from doctors, nurses or other

health care providers, or expert witnesses containing information concerning the injuries and/or

damages allegedly sustained by Plaintiff which are in your or your attorney's possession, custody or control.

6.      Any and all photographs taken in relation to this incident.

7.      Any and all statements obtained in relation to this case.

8.      All documents which you anticipate you may utilize as exhibits in the trial of this matter.

9.      A copy of the front and back of all health insurance cards including Medicare, Medicaid, and/or private health insurance carriers in possession of the Plaintiff at the time of the accident and anytime thereafter.

10.     All documents and payment information made by third party/collateral source lien holders received by Plaintiff or Plaintiff's counsel in connection with the subject accident.

11.     All documents sent by Plaintiff's counsel to any collateral source lien holders advising them of the subject accident and/or putting said collateral source lien holder on notice.

12.     All documents sent by Plaintiff or received by Plaintiff in connection with any disability insurance in effect at the time of the subject accident.

13.     An original Consent to Release directed to Centers for Medicare & Medicaid Services (CMS) executed by Plaintiff. (Attached hereto).

14.     An original Consent for Release of Information directed to Social Security Administration executed by Plaintiff. (Attached hereto).

15.     An original Authorization for the Use and Disclosure of Protected Health Information directed to Florida Medicaid TPL Recovery Program executed by Plaintiff. (Attached hereto).

2

16.     An original Request for Copy of Tax Return IRS Form 4506 directed to the Internal Revenue Service executed by Plaintiff. (Attached hereto).

17.     Copies of all records related to any mental health treatment received by Plaintiff in the last ten (10) years, including but not limited to, psychologists, psychiatrists, counselors or therapists.  This request specifically includes records of treatment for substance abuse, dependency or addiction.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with the Clerk of the Court by using the Florida Courts Portal system and furnished to the following named addressees via email on this 19th day of June, 2020:

> **RAFAEL J. ROCA, ESQUIRE**
> **LAW OFFICES OF CRAIG GOLDENFARB**
> 1800 South Australian Avenue, Suite 400
> West Palm Beach, FL 33409
> Email: BuffMaria6503806@projects.filevine.com; Rroca@800goldlaw.com;
> Cgordon@800goldlaw.com
> *Attorneys for Plaintiff*

> **SAALFIELD SHAD, P.A.**
>
> **/s/ Joseph B. Stokes, III**
> _____
> **JOSEPH B. STOKES, III, ESQUIRE**
> Florida Bar Number: 897183
> **RUBY JO CATHERINE SMITH, ESQUIRE**
> Florida Bar Number: 112741
> 245 Riverside Avenue, Suite 400
> Jacksonville, FL 32202
> 904/355-4401 (phone)
> 904/355-3503 (facsimile)
> Email (Primary) jstokes@saalfieldlaw.com
> Email (Secondary) llovein@saalfieldlaw.com;
> wdean@saalfieldlaw.com
> Email (Tertiary) rjcsmith@saalfieldlaw.com
> *Attorneys for Defendant*

3

Form **4506**

(March 2019)

Department of the Treasury
Internal Revenue Service

# Request for Copy of Tax Return

▶ Do not sign this form unless all applicable lines have been completed.
▶ Request may be rejected if the form is incomplete or illegible.
▶ For more information about Form 4506, visit *www.irs.gov/form4506.*

OMB No. 1545-0429

**Tip.** You may be able to get your tax return or return information from other sources. If you had your tax return completed by a paid preparer, they should be able to provide you a copy of the return. The IRS can provide a **Tax Return Transcript** for many returns free of charge. The transcript provides most of the line entries from the original tax return and usually contains the information that a third party (such as a mortgage company) requires. See **Form 4506-T, Request for Transcript of Tax Return,** or you can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Get a Tax Transcript..." or call 1-800-908-9946.

| | |
|---|---|
| **1a** Name shown on tax return. If a joint return, enter the name shown first. | **1b** First social security number on tax return, individual taxpayer identification number, or employer identification number (see instructions) |
| **2a** If a joint return, enter spouse's name shown on tax return. | **2b** Second social security number or individual taxpayer identification number if joint tax return |

**3**  Current name, address (including apt., room, or suite no.), city, state, and ZIP code (see instructions)

**4**  Previous address shown on the last return filed if different from line 3 (see instructions)

**5**  If the tax return is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number.

Saalfield Shad, P.A., 245 Riverside Avenue, Suite 400, Jacksonville, FL 32202, Telephone No.: 904-355-4401, Fax No.: 904-355-3503

**Caution:** If the tax return is being mailed to a third party, ensure that you have filled in lines 6 and 7 before signing. Sign and date the form once you have filled in these lines. Completing these steps helps to protect your privacy. Once the IRS discloses your tax return to the third party listed on line 5, the IRS has no control over what the third party does with the information. If you would like to limit the third party's authority to disclose your return information, you can specify this limitation in your written agreement with the third party.

**6**  **Tax return requested.** Form 1040, 1120, 941, etc. and all attachments as originally submitted to the IRS, including Form(s) W-2, schedules, or amended returns. Copies of Forms 1040, 1040A, and 1040EZ are generally available for 7 years from filing before they are destroyed by law. Other returns may be available for a longer period of time. Enter only one return number. If you need more than one type of return, you must complete another Form 4506.  ▶ _____1040_____

**Note:** If the copies must be certified for court or administrative proceedings, check here . . . . . . . . . . . . . . . ☐

**7**  **Year or period requested.** Enter the ending date of the year or period, using the mm/dd/yyyy format. If you are requesting more than eight years or periods, you must attach another Form 4506.

| 12/31/2019 | 12/31/2018 | 12/31/2017 | 12/31/2016 |
|---|---|---|---|
| 12/31/2015 | | | |

**8**  **Fee.** There is a $50 fee for each return requested. **Full payment must be included with your request or it will be rejected. Make your check or money order payable to "United States Treasury." Enter your SSN, ITIN, or EIN** and **"Form 4506 request"** on your check or money order.

| | | |
|---|---|---|
| **a** | Cost for each return . . . . . . . . . . . . . . . . . . | $ 50.00 |
| **b** | Number of returns requested on line 7 . . . . . . . . . . . | 5 |
| **c** | Total cost. Multiply line 8a by line 8b . . . . . . . . . . . | $ 250.00 |

**9**  If we cannot find the tax return, we will refund the fee. If the refund should go to the third party listed on line 5, check here . . . . . ☒

**Caution:** Do not sign this form unless all applicable lines have been completed.

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax return requested. If the request applies to a joint return, at least one spouse must sign. If signed by a corporate officer, 1 percent or more shareholder, partner, managing member, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506 on behalf of the taxpayer. **Note:** This form must be received by IRS within 120 days of the signature date.

☒ **Signatory attests that he/she has read the attestation clause and upon so reading declares that he/she has the authority to sign the Form 4506.** See instructions.

Phone number of taxpayer on line 1a or 2a

**Sign Here**

| | |
|---|---|
| ▶ **Signature** (see instructions) | Date |
| **Title** (if line 1a above is a corporation, partnership, estate, or trust) | |
| ▶ **Spouse's signature** | Date |

For Privacy Act and Paperwork Reduction Act Notice, see page 2.

Cat. No. 41721E

Form **4506** (Rev. 3-2019)

Form 4506 (Rev. 3-2019)

Section references are to the Internal Revenue Code unless otherwise noted.

## Future Developments

For the latest information about Form 4506 and its instructions, go to *www.irs.gov/form4506*. Information about any recent developments affecting Form 4506, Form 4506-T and Form 4506T-EZ will be posted on that page.

## General Instructions

**Caution:** Do not sign this form unless all applicable lines have been completed.

**Purpose of form.** Use Form 4506 to request a copy of your tax return. You can also designate (on line 5) a third party to receive the tax return.

**How long will it take?** It may take up to 75 calendar days for us to process your request.

**Tip.** Use Form 4506-T, Request for Transcript of Tax Return, to request tax return transcripts, tax account information, W-2 information, 1099 information, verification of nonfiling, and records of account.

**Automated transcript request.** You can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Get a Tax Transcript..." or call 1-800-908-9946.

**Where to file.** Attach payment and mail Form 4506 to the address below for the state you lived in, or the state your business was in, when that return was filed. There are two address charts: one for individual returns (Form 1040 series) and one for all other returns.

If you are requesting a return for more than one year or period and the chart below shows two different addresses, send your request to the address based on the address of your most recent return.

### Chart for individual returns (Form 1040 series)

| If you filed an individual return and lived in: | Mail to: |
|---|---|
| Alabama, Kentucky, Louisiana, Mississippi, Tennessee, Texas, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team Stop 6716 AUSC Austin, TX 73301 |
| Alaska, Arizona, Arkansas, California, Colorado, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Utah, Washington, Wisconsin, Wyoming | Internal Revenue Service RAIVS Team Stop 37106 Fresno, CA 93888 |
| Connecticut, Delaware, District of Columbia, Florida, Georgia, Maine, Maryland, Massachusetts, Missouri, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Vermont, Virginia, West Virginia | Internal Revenue Service RAIVS Team Stop 6705 S-2 Kansas City, MO 64999 |

### Chart for all other returns

| If you lived in or your business was in: | Mail to: |
|---|---|
| Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, Wyoming, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409 |

## Specific Instructions

**Line 1b.** Enter your employer identification number (EIN) if you are requesting a copy of a business return. Otherwise, enter the first social security number (SSN) or your individual taxpayer identification number (ITIN) shown on the return. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Line 3.** Enter your current address. If you use a P.O. box, please include it on this line 3.

**Line 4.** Enter the address shown on the last return filed if different from the address entered on line 3.

**Note:** If the addresses on lines 3 and 4 are different and you have not changed your address with the IRS, file Form 8822, Change of Address. For a business address, file Form 8822-B, Change of Address or Responsible Party — Business.

**Signature and date.** Form 4506 must be signed and dated by the taxpayer listed on line 1a or 2a. The IRS must receive Form 4506 within 120 days of the date signed by the taxpayer or it will be rejected. Ensure that all applicable lines are completed before signing.

 *You must check the box in the signature area to acknowledge you have the authority to sign and request the information. The form will not be processed and returned to you if the box is unchecked.*

**Individuals.** Copies of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506 exactly as your name appeared on the original return. If you changed your name, also sign your current name.

**Corporations.** Generally, Form 4506 can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer. A bona fide shareholder of record owning 1 percent or more of the outstanding stock of the corporation may submit a Form 4506 but must provide documentation to support the requester's right to receive the information.

**Partnerships.** Generally, Form 4506 can be signed by any person who was a member of the partnership during any part of the tax period requested on line 7.

**All others.** See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Note:** If you are Heir at law, Next of kin, or Beneficiary you must be able to establish a material interest in the estate or trust.

**Documentation.** For entities other than individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the letters testamentary authorizing an individual to act for an estate.

**Signature by a representative.** A representative can sign Form 4506 for a taxpayer only if this authority has been specifically delegated to the representative on Form 2848, line 5a. Form 2848 showing the delegation must be attached to Form 4506.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested return(s) under the Internal Revenue Code. We need this information to properly identify the return(s) and respond to your request. If you request a copy of a tax return, sections 6103 and 6109 require you to provide this information, including your SSN or EIN, to process your request. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506 will vary depending on individual circumstances. The estimated average time is: **Learning about the law or the form,** 10 min.; **Preparing the form,** 16 min.; and **Copying, assembling, and sending the form to the IRS,** 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506 simpler, we would be happy to hear from you. You can write to:

Internal Revenue Service
Tax Forms and Publications Division
1111 Constitution Ave. NW, IR-6526
Washington, DC 20224.

Do not send the form to this address. Instead, see *Where to file* on this page.



RON DESANTIS
GOVERNOR

MARY C. MAYHEW
SECRETARY

**Authorization for the Use and Disclosure of Protected Health Information**

Federal law states that we cannot share an individual's health information without the individual's permission, except in certain situations.  By signing this form, you are giving us permission to share the information you indicate below.  If you decide later that you do not want us to share this information any more, you can revoke this authorization at any time in writing or sign the REVOCATION SECTION on the back of this form and return it to the Florida Medicaid TPL Recovery Program.  This form must be completed and signed by the Medicaid recipient or by an individual who has the authority to act on the Medicaid recipient's behalf (parent of a minor, legal guardian, trustee, power of attorney, personal representative of the estate, grantor of an annuity).

PLEASE COMPLETE THE FOLLOWING SECTIONS

1.   **Personal Information:**

Medicaid Recipient's Name_____ Date of Birth_____

Medicaid ID Number_____ Social Security Number_____

2.   **I give permission to the Agency for Health Care Administration (AHCA) and its contract representatives to share the health information listed below with the following:**

Name of the Law Firm or Law Office  Saalfield Shad, P.A., 245 Riverside Avenue, #400, Jacksonville, FL 32202
Name of the Insurance Company_____
Other_____

3.   **Indicate the purpose for which the disclosure is to be made:**

XX To substantiate Medicaid's lien relating to a lawsuit
_____To substantiate Medicaid's claim against the estate or against a trust account or annuity
XX Other  Litigation pending in the State of Florida_____

4.   **Indicate the information that you want to be disclosed, related to the following (check one):**

_____The Medicaid lien *relating to the injury or negligence* charges, for the period beginning with the date of incident.
_____Medicaid's claim against the *estate*.
_____The amount that is due Medicaid from the *trust account, [Please send a copy of the trust agreement]*.
_____The amount that is due Medicaid from the *annuity account, [Please send a copy of the annuity agreement]*.
XX Other, *[Please be specific]*.  Paid Claims History_____

5.   **Enter the specific date that you want this authorization to expire:  (i.e., one year from date of release)**_____
     (If you do not enter a date, this authorization will expire in five years.)

I understand that the information described above may be redisclosed by the person or group that I hereby give AHCA and its contract representatives permission to share my information with, and that my information would no longer be protected by the federal privacy regulations.  Therefore, I release AHCA, its workforce members, and its contract representatives from all liability arising from the disclosure of my health information pursuant to this agreement.  I understand that I may inspect or request copies of any information disclosed by this authorization if AHCA or its contract representatives initiated this request for disclosure.  I understand that I may revoke this authorization by notifying AHCA through its contractor representatives, in writing, knowing that previously disclosed information would not be subject to my revocation request.  I understand that I may refuse to sign this authorization and that my refusal to sign will not affect my ability to obtain treatment, payment or eligibility for benefits.

6.   **Recipient Signature**_____ **Print Name**_____ **Date**_____
     **OR**
     **Name of Legal Representative (Print)**_____ **Relationship**_____

     **Signature of Legal Representative \***_____ **Date**_____
     * If you are not the individual, but represent the individual, please attach a copy of the legal document that verifies that you are a representative (parent of a minor, legal guardian, trustee, power of attorney, personal representative of the estate, grantor of an annuity).

**INSTRUCTIONS FOR THE USE AND DISCLOSURE OF PROTECTED HEALTH INFORMATION**

1.  Complete the front of the form and return it to Florida Medicaid TPL Recovery Program, Post Office Box 12188, Tallahassee, Florida 32317-2188, Phone (toll-free) (877) 357-3268 or Fax (844) 845-8352.

2.  If the signer is a guardian, has a power of attorney or is an authorized representative, documentation of the representative's authority to act on the individual's behalf must be attached.  If an agency has custody of a child and a representative signs the release, include a copy of the custody order.

3.  Special kinds of health information have specific laws and rules that have to be followed before that information can be disclosed.

**HIV and Sexually Transmitted Diseases (STD):**  All information about HIV and sexually transmitted diseases is protected under federal and state laws and cannot be disclosed without your written authorization unless otherwise provided in the regulations.  To release HIV or STD information, this authorization must include a statement in the Information You Want Disclosed section of the specific HIV or STD information that you are giving permission to release.  Re-disclosure of HIV information is not allowed, except in compliance with law or with your written permission.

**Alcohol and Drug Treatment:**  Alcohol and/or drug treatment records are protected under federal and state laws and regulations and cannot be disclosed without your written authorization, unless otherwise allowed in federal and state laws or regulations.  To release alcohol and drug treatment information, this authorization must include a statement in the Information You Want Disclosed section of the specific information that you are giving permission to release, such as "assessment, treatment plan, attendance, discharge plan."  Re-disclosure of you alcohol and/or drug treatment records is not allowed, except in compliance with law or with your written permission.

**Mental Health Treatment:**  Mental health treatment records are protected under federal and state laws and regulations and cannot be disclosed without your written authorization, unless otherwise allowed in federal and state laws or regulations.  To release mental health treatment information, this authorization must include a statement in the Information You Want Disclosed section of the specific information that you are giving permission to release, such as "assessment, treatment plan, attendance, discharge plan." Also, disclosure of your therapist's own notes (psychotherapy notes) needs separate permission.  Re-disclosure of your mental health treatment records is prohibited, except in compliance with law or with your written permission.

4.  You will be provided with a copy of this form.

---

**REVOCATION SECTION**

To revoke your authorization, complete the following section and return the form to the Florida Medicaid TPL Recovery Program at the address given above.  (Use of this form to revoke your authorization is optional; however, you must submit your revocation request in writing.)

I no longer want my information shared.

Name_____Date of Birth_____

Street Address_____

City_____State_____Zip_____

If applicable, your Medicaid ID number_____

Signature_____Date_____
OR
Signature of Authorized Representative_____Date_____

Relationship of Authorized Representative_____

(Revised March 2019)

**Consent to Release**
**Liability Insurance (Including Self-Insurance), No-Fault Insurance,**
**or Workers' Compensation**

**Where to find Information on "Consent to Release" vs. "Proof of Representation"**

Please refer to the PowerPoint document on this website titled: "Rules and Model Language for 'Proof of Representation' vs. 'Consent to Release' for Medicare Secondary Payer Liability Insurance (Including Self-Insurance), No-Fault Insurance, or Workers' Compensation" for detailed information on

- **When to use a "consent to release" document vs. a "proof of representation" document,**
- Appropriate content for both documents,
- The need for appropriate documentation when there are two layers of representatives involved (examples: attorney 1 refers a case to attorney 2; the beneficiary's guardian hires an attorney to pursue a liability insurance claim) or when a beneficiary's representative signs a "consent to release" document on the beneficiary's behalf,
- What liability insurers (including self-insurers), no-fault insurers, and workers' compensation entities must have in order to obtain conditional payment information, and
- Use of agents by insurers' or workers' compensation.

**General**

A "consent to release" document is used by an individual or entity who does not represent the Medicare beneficiary but is requesting information regarding the beneficiary's conditional payment information. A "consent to release" does not authorize the individual or entity to act on behalf of the beneficiary or make decisions on behalf of the beneficiary.

**Model Language**

See attached. Use of the model language is not required, but any documentation submitted as a "Consent to Release" must include the information the model language requests.

**Where to Submit a " Consent to Release" document:**

**Liability Insurance, No-Fault Insurance, Workers' Compensation:**

**NGHP**
PO Box 138832
Oklahoma City, OK 73113
**Fax: (405) 869-3309**

MODEL LANGUAGE

## **CONSENT TO RELEASE**

The language below should be used when you, a Medicare beneficiary, want to authorize someone other than your attorney or other representative to receive information, including identifiable health information, from the Centers for Medicare & Medicaid Services (CMS) related to your liability insurance (including self-insurance), no-fault insurance or workers' compensation claim.

I, _____ (print your name exactly as shown on your Medicare card) hereby authorize the CMS, its agents and/or contractors to release, upon request, information related to my injury/illness and/or settlement for the specified date of injury/illness to the individual and/or entity listed below:

## **CHECK ONLY ONE OF THE FOLLOWING TO INDICATE WHO MAY RECEIVE INFORMATION AND THEN PRINT THE REQUESTED INFORMATION:**

(If you intend to have your information released to more than one individual or entity, you must complete a separate release for each one.)

☐ Insurance Company          ☐ Workers' Compensation Carrier          ☑ Other __Attorney__
                                                                             (Explain)

| | |
|---|---|
| Name of entity: | Saafield Shad, P.A. |
| Contact for above entity: | Joseph B. Stokes, III |
| Address: | 245 Riverside Avenue |
| Address Line 2: | Suite 400 |
| City/State/ZIP: | Jacksonville, FL 32202 |
| Telephone: | 904-355-4401 |

## **CHECK ONE OF THE FOLLOWING TO INDICATE HOW LONG CMS MAY RELEASE YOUR INFORMATION**

(The period you check will run from when you sign and date below.):

☑ One Year          ☐ Two Years          ☐ Other _____
                                                    (Provide a specific period of time)

I understand that I may revoke this "consent release information" at any time, in writing.

## **MEDICARE BENEFICIARY INFORMATION AND SIGNATURE:**

Beneficiary Signature: _____     Date signed: _____

Note: If the beneficiary is incapacitated, the submitter of this document will need to include documentation establishing the authority of the individual signing on the beneficiary's behalf. Please visit https://go.cms.gov/cobro for further instructions.

Medicare ID (The number on your Medicare card.): _____

Date of Injury/Illness: _____

Social Security Administration
**Consent for Release of Information**

Form Approved
OMB No. 0960-0566

<u>Instructions for Using this Form</u>
Complete this form only if you want us to give information or records about you, a minor, or a legally incompetent adult, to an individual or group (for example, a doctor or an insurance company). If you are the natural or adoptive parent or legal guardian, acting on behalf of a minor child, you may complete this form to release only the minor's non-medical records. We may charge a fee for providing information unrelated to the administration of a program under the Social Security Act.

**NOTE:** Do not use this form to:

• Request the release of medical records on behalf of a minor child. Instead, visit your local Social Security office or call our toll-free number, 1-800-772-1213 (TTY-1-800-325-0778), or

• Request detailed information about your earnings or employment history. Instead, complete and mail form SSA-7050-F4. You can obtain form SSA-7050-F4 from your local Social Security office or online at www.ssa.gov/online/ssa-7050.pdf.

<u>How to Complete this Form</u>
We will not honor this form unless all required fields are completed. An asterisk (*) indicates a required field. Also, we will not honor blanket requests for "any and all records" or the "entire file." You must specify the information you are requesting and you must sign and date this form. We may charge a fee to release information for non-program purposes.

• Fill in your name, date of birth, and social security number or the name, date of birth, and social security number of the person to whom the requested information pertains.

• Fill in the name and address of the person or organization where you want us to send the requested information.

• Specify the reason you want us to release the information.

• Check the box next to the type(s) of information you want us to release including the date ranges, where applicable.

• For non-medical information, you, the parent or the legal guardian acting on behalf of a minor child or legally incompetent adult, must sign and date this form and provide a daytime phone number.

• If you are not the individual to whom the requested information pertains, state your relationship to that person. We may require proof of relationship.

**PRIVACY ACT STATEMENT**

Section 205(a) of the Social Security Act, as amended, authorizes us to collect the information requested on this form. We will use the information you provide to respond to your request for access to the records we maintain about you or to process your request to release your records to a third party. You do not have to provide the requested information. Your response is voluntary; however, we cannot honor your request to release information or records about you to another person or organization without your consent. We rarely use the information provided on this form for any purpose other than to respond to requests for SSA records information. However, the Privacy Act (5 U.S.C. § 552a(b)) permits us to disclose the information you provide on this form in accordance with approved routine uses, which include but are not limited to the following:

1. To enable an agency or third party to assist Social Security in establishing rights to Social Security benefits and or coverage;
2. To make determinations for eligibility in similar health and income maintenance programs at the Federal, State, and local level;
3. To comply with Federal laws requiring the disclosure of the information from our records; and,
4. To facilitate statistical research, audit, or investigative activities necessary to assure the integrity of SSA programs.

We may also use the information you provide when we match records by computer. Computer matching programs compare our records with those of other Federal, State, or local government agencies. We use information from these matching programs to establish or verify a person's eligibility for Federally-funded or administered benefit programs and for repayment of incorrect payments or overpayments under these programs. Additional information regarding this form, routine uses of information, and other Social Security programs is available on our Internet website, www.socialsecurity.gov, or at your local Social Security office.

**PAPERWORK REDUCTION ACT STATEMENT**

This information collection meets the requirements of 44 U.S.C. § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget control number. We estimate that it will take about 3 minutes to read the instructions, gather the facts, and answer the questions. **SEND OR BRING THE COMPLETED FORM TO YOUR LOCAL SOCIAL SECURITY OFFICE. You can find your local Social Security office through SSA's website at** www.socialsecurity.gov. **Offices are also listed under U.S. Government agencies in your telephone directory or you may call 1-800-772-1213 (TTY 1-800-325-0778).** You may send comments on our time estimate above to: SSA, 6401 Security Blvd., Baltimore, MD 21235-6401. *Send **only** comments relating to our time estimate to this address, not the completed form.*

**Form SSA-3288** (11-2016) uf
Destroy Prior Editions

Social Security Administration
**Consent for Release of Information**

Form Approved
OMB No. 0960-0566

You must complete all required fields. We will not honor your request unless all required fields are completed. (*Signifies a required field. **Please complete these fields in case we need to contact you about the consent form*).

**TO:  Social Security Administration**

| | | |
|---|---|---|
| **\*My Full Name** | **\*My Date of Birth (MM/DD/YYYY)** | **\*My Social Security Number** |

I authorize the Social Security Administration to release information or records about me to:

**\*NAME OF PERSON OR ORGANIZATION:**
Joseph B. Stokes, III, Esq.

Saalfield Shad, P.A.

**\*ADDRESS OF PERSON OR ORGANIZATION:**
245 Riverside Avenue

Suite 400

Jacksonville, FL 32202

**\*I want this information released because:** Civil Litigation Matter
We may charge a fee to release information for non-program purposes.

**\*Please release the following information selected from the list below:**
**Check at least one box. We will not disclose records unless you include date ranges where applicable.**

1. [ ] Verification of Social Security Number
2. [X] Current monthly Social Security benefit amount
3. [X] Current monthly Supplemental Security Income payment amount
4. [X] My benefit or payment amounts from date 01/01/2009 to date _____
5. [ ] My Medicare entitlement from date _____ to date _____
6. [X] Medical records from my claims folder(s) from date 01/01/2009 to date _____
   If you want us to release a minor child's medical records, do not use this form.  Instead, contact your local Social Security office.
7. [X] Complete medical records from my claims folder(s)
8. [X] Other record(s) from my file (We will not honor a request for "any and all records" or "the entire file." You must specify other records; e.g., consultative exams, award/denial notices, benefit applications, appeals, questionnaires, doctor reports, determinations.)
   Application for Benefits, doctor reports, Consultation Evaluation Reports, questionnaires,
   Determinations,appeals,Disability records/start date,and date of entitlement

I am the individual, to whom the requested information or record applies, or the parent or legal guardian of a minor, or the legal guardian of a legally incompetent adult. I declare under penalty of perjury (28 CFR § 16.41(d)(2004) that I have examined all the information on this form and it is true and correct to the best of my knowledge. I understand that anyone who knowingly or willfully seeking or obtaining access to records about another person under false pretenses is punishable by a fine of up to $5,000. I also understand that I must pay all applicable fees for requesting information for a non-program-related purpose.

**\*Signature:** _____

**\*Date:** _____

**\*\*Address:** _____

**\*\*Daytime Phone:** _____

**Relationship (if not the subject of the record):** _____

**\*\*Daytime Phone:** _____

Witnesses must sign this form ONLY if the above signature is by mark (X). If signed by mark (X), two witnesses to the signing who know the signee must sign below and provide their full addresses. Please print the signee's name next to the mark (X) on the signature line above.

| 1.Signature of witness | 2.Signature of witness |
|---|---|
| Address(Number and street,City,State, and Zip Code) | Address(Number and street,City,State, and Zip Code) |

**Form SSA-3288** (11-2016) uf

Filing # 109455434 E-Filed 06/26/2020 11:47:51 AM

IN THE CIRCUIT COURT, FOURTEENTH
JUDICIAL CIRCUIT, IN AND FOR BAY
COUNTY, FLORIDA

CASE NO.:   20201089CA

MARIA BUFF and ADAM BUFF, her
husband,

      Plaintiffs,

v.

TARGET CORPORATION, a Foreign
Profit Corporation, and WAYNE HARRIS,
individually,

      Defendants.

_____/

## **DEFENDANT TARGET CORPORATION'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

      Defendant, Target Corporation, by and through its undersigned counsel, hereby files its

Motion to Dismiss Plaintiffs' Complaint, and in support thereof states as follows:

1. This is a transitory substance premises liability action arising from an incident which allegedly occurred on October 18, 2019, wherein the Plaintiff contends she slipped in a transitory foreign substance and fell to the ground.

2. Defendant moves to dismiss the Plaintiff's Complaint on the basis it fails to state a cause of action as a matter of law. The Plaintiff attempts to state a cause of action under a "mode of operation" theory which is no longer viable under Florida law. The mode of operation theory has been abrogated by § 768.0755, Florida Statutes. Specifically, in paragraphs 11 e, f, g, h, and j, Plaintiff alleges several theories of recovery not recognized under Florida law.

3. By enacting § 768.0755, the Florida legislature repealed § 768.0710, which had partially codified the Florida Supreme Court's decision in <u>Owens v. Publix Supermarkets, Inc.</u>, 802

So.2d 315 (Fla. 2001). In <u>Owens</u>, the Court held that if evidence established a specific

negligent mode of operation such that the premises owner could reasonably anticipate the

dangerous condition would arise as a result of the mode of operation, then whether the

owner had actual or constructive knowledge of a specific transitory substance was not at

issue.

4.  Significantly, it must be noted that the Legislature deliberately omitted from § 768.0755

the mode of operation theory it had previously included in § 768.0710(2)(b), which allowed

a plaintiff to meet their burden of proof by showing the premises owner "acted negligently"

by not exercising "reasonable care in the . . . mode of operation of the business premises."

5.  § 768.0755 controls the Plaintiff's burden of proof in this case. It provides as follows:

> 1.  If a person slips and falls on a transitory foreign substance in a business
>     establishment, the injured person must prove that the business establishment
>     had actual or constructive knowledge of the dangerous condition and should
>     have taken action to remedy it. Constructive knowledge may be proven by
>     circumstantial evidence showing that:
>
>     (a) The dangerous condition existed for such a length of time that, in the
>         exercise of ordinary care, the business establishment should have known of
>         the condition; or
>
>     (b) The condition occurred with regularity and was therefore foreseeable.
>
> 2.  This section does not affect any common law duty of care owed by a person or
>     entity in possession or control of a business premises.

Consequently, in every premises liability action involving allegations of a transitory

foreign substance against a business, the plaintiff must prove that the owner had actual or

constructive knowledge of the dangerous condition. There are no exceptions to this burden

of proof.

6.  In <u>Woodman v. Bravo Brio Restaurant Group</u>, 215 WL 14836941 (M.D. Fla. 2015), the

United States District Court for the Middle District of Florida considered the application

of mode of operation theory to a slip and fall case. The defendant moved to strike the plaintiff's "mode of operation" allegations. The plaintiff argued the theory survived the enactment of § 768.0755. However, the court noted that in interpreting § 768.0755, it must "strive to effectuate the Legislature's intent." The court held that § 768.0755 "clearly eliminated the mode of operation theory as a basis for recovery in slip and fall cases and Plaintiff may not pursue her claim on this basis."

7. The Fourth DCA directly confronted the issue of negligent mode of operation under § 768.0755 in Pembroke Lakes Mall, Ltd. v. McGruder, 137 So.3d 418 (Fla. 4th DCA 2014). Comparing the language of Florida's 2002 and 2010 premises liability statutes, the court pointed out that the older version did not require proof of actual or constructive notice, and a plaintiff could succeed in a slip and fall case by showing the business premises acted negligently in its mode of operation. Id. at 426. The new statute, on the other hand, "does not contain any language regarding the owner's negligent maintenance, inspection, repair, warning, or *mode of operation*. Id. at 424 (emphasis added). Because the more recent statute explicitly requires proof of actual or constructive notice, and the language regarding mode of operation has been removed, the same plaintiff would not be able to assert a cause of action based on negligent mode of operation. Id. at 426.

8. Consequently, in this case, the Plaintiff must prove Target Corporation had actual or constructive knowledge of the transitory substance and should have taken action to correct it. § 768.0755 precludes the Plaintiff from attempting to establish liability by alleging Target Corporation's mode of operation of the premises was negligent.

WHEREFORE, Defendant, Target Corporation, respectfully requests this Court grant Defendant's Motion to Dismiss the Plaintiff's Complaint.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with the Clerk of the Court by using the Florida Courts Portal system and furnished to the following named addressees via email on this 26th day of June, 2020:

**RAFAEL J. ROCA, ESQUIRE**
**LAW OFFICES OF CRAIG GOLDENFARB**
1800 South Australian Avenue, Suite 400
West Palm Beach, FL 33409
Email: BuffMaria6503806@projects.filevine.com; Rroca@800goldlaw.com;
Cgordon@800goldlaw.com
*Attorneys for Plaintiff*

        **SAALFIELD SHAD, P.A.**

        **/s/ Joseph B. Stokes, III**
        _____
        **JOSEPH B. STOKES, III, ESQUIRE**
        Florida Bar Number: 897183
        **RUBY JO CATHERINE SMITH, ESQUIRE**
        Florida Bar Number: 112741
        245 Riverside Avenue, Suite 400
        Jacksonville, FL 32202
        904/355-4401 (phone)
        904/355-3503 (facsimile)
        Email (Primary) jstokes@saalfieldlaw.com
        Email (Secondary) llovein@saalfieldlaw.com;
        wdean@saalfieldlaw.com
        Email (Tertiary) rjcsmith@saalfieldlaw.com
        *Attorneys for Defendants*

Filing # 109510123 E-Filed 06/29/2020 09:15:44 AM

IN THE CIRCUIT COURT, FOURTEENTH
JUDICIAL CIRCUIT, IN AND FOR BAY
COUNTY, FLORIDA

CASE NO.:   20201089CA

MARIA BUFF and ADAM BUFF, her
husband,

     Plaintiffs,

v.

TARGET CORPORATION, a Foreign
Profit Corporation, and WAYNE HARRIS,
individually,

     Defendants.

_____/

## DEFENDANT'S, TARGET CORPORATION, REQUEST FOR INSPECTION TO PLAINTIFF MARIA BUFF

Defendant, TARGET CORPORATION, by and through its undersigned attorneys, hereby

requests pursuant to Rule 1.350, Florida Rules of Civil Procedure, that Plaintiff, MARIA BUFF,

produce and permit Defendant to inspect and photograph the following:

1.    Footwear worn by the Plaintiff at the time of the incident.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with

the Clerk of the Court by using the Florida Courts Portal system and furnished to the following

named addressees via email on this 29th day of June, 2020:

**RAFAEL J. ROCA, ESQUIRE**
**LAW OFFICES OF CRAIG GOLDENFARB**
1800 South Australian Avenue, Suite 400
West Palm Beach, FL 33409
Email: BuffMaria6503806@projects.filevine.com; Rroca@800goldlaw.com;
Cgordon@800goldlaw.com
*Attorneys for Plaintiff*

**SAALFIELD SHAD, P.A.**

/s/ Joseph B. Stokes, III

**JOSEPH B. STOKES, III, ESQUIRE**
Florida Bar Number: 897183
**RUBY JO CATHERINE SMITH, ESQUIRE**
Florida Bar Number: 112741
245 Riverside Avenue, Suite 400
Jacksonville, FL 32202
904/355-4401 (phone)
904/355-3503 (facsimile)
Email (Primary) jstokes@saalfieldlaw.com
Email (Secondary) llovein@saalfieldlaw.com;
wdean@saalfieldlaw.com
Email (Tertiary) rjcsmith@saalfieldlaw.com
*Attorneys for Defendant*

Filing # 110139064 E-Filed 07/13/2020 01:15:15 PM

IN THE CIRCUIT COURT, FOURTEENTH
JUDICIAL CIRCUIT, IN AND FOR BAY
COUNTY, FLORIDA

CASE NO.:   20201089CA

MARIA BUFF and ADAM BUFF, her
husband,

      Plaintiffs,

v.

TARGET CORPORATION, a Foreign
Profit Corporation, and WAYNE HARRIS,
individually,

      Defendants.

_____/

## **DEFENDANT, WAYNE HARRIS' MOTION TO**
## **DISMISS PLAINTIFF'S COMPLAINT**

Defendant, Wayne Harris, by and through his undersigned attorneys, and pursuant to the

applicable rules of Florida Civil Procedure, hereby files his Motion to Dismiss Count II of the

Plaintiff's Complaint, and states as follows:

1. Defendant moves to dismiss Count II of the Plaintiff's Complaint on the basis it fails to

   state a cause of action as a matter of law. The Plaintiff attempts to hold Target store director

   Wayne Harris personally liable for an alleged tort in which Mr. Harris had no personal

   involvement.

2. In Count II, the Plaintiff makes the following allegations regarding Mr. Harris:  he had a

   duty to maintain the premises in a reasonable and safe condition (Complaint ¶ 16); was

   directly responsible for maintaining and operating the subject premises and executing its

   policies and procedures (Id. ¶ 17); permitted an unreasonably dangerous condition to exist

   on the premises (Id. ¶ 17); failed to warn and/or inspect the premises to determine the

presence of the dangerous condition (Id. ¶ 18); Mr. Harris and "his" employees had a duty to maintain the premises in a reasonably safe condition.

3. Count II of the Plaintiff's Complaint fails to set forth sufficient facts which establish Mr. Harris owed the Plaintiff any duty, or that Mr. Harris breached any duty to the Plaintiff. The Plaintiff attempts to impose duties upon Mr. Harris that are contrary to Florida law.

4. In order to hold a store director personally liable, the Plaintiff must allege the director's personal involvement. Here, the Plaintiff has failed to allege sufficient facts of any personal involvement by Mr. Harris, or even that Mr. Harris was present at Target on the day of the alleged incident. Moreover, the Plaintiff attempts to hold Mr. Harris to a higher standard than that which is required by § 768.0755, Florida Statutes. Therefore, Defendant respectfully requests Count II of the Plaintiff's Complaint be dismissed.

## MEMORANDUM OF LAW

"The law is clear to the effect that officers or agents of corporations may be individually liable in tort if they commit or participate in a tort, even if their acts are within the course and scope of their employment . . . [h]owever, to establish liability, the complaining party must allege and prove that the officer or agent owed a duty to the complaining party, and that the duty was breached through personal (as opposed to technical or vicarious) fault." White v. Wal-Mart Stores, Inc., 918 So.2d 357, 358 (Fla. 1st DCA 2005)(citing McElveen v. Peeler, 544 So.2d 270, 271-72 (Fla. 1st DCA 1989) and White-Wilson Med. Ctr. v. Dayta Consultants, Inc., 486 So.2d 659, 661 (Fla. 1st DCA 1986). "In Florida, there is no recognized cause of action for an in absentia claim of negligent failure to maintain a store because Florida law requires that a corporate officer or agent be personally liable for negligence only if he or she participates in the tortious conduct."

Petigny v. Wal-Mart Stores East, L.P., 2018 WL 5983506 (S.D. Fla.)(*citing* Stephens v. Petmart, 2009 WL 3674680 (S.D. Fla.).

This is a common issue in federal cases in which the store manager is named in order to defeat diversity jurisdiction. In Kalit v. Target, 2019 WL 423318, (M.D. Fla. 2019), a slip-and-fall case, the plaintiff moved to remand the case to state court due to her naming the store director, Figeruroa, a non-diverse citizen, as a defendant. The Court found that because Figueroa did not witness the incident, had no personal knowledge of the incident, and was not responsible for hiring the cleaning company, there was "no possibility Kalit can maintain her cause of action for negligence against Figeuroa in Florida state court under the circumstances alleged in the Complaint." Id.

In McPherson v. Wells Fargo Bank, N.A., 2013 WL 12059608 (S.D. Fla. 2013), the plaintiff tripped and fell on a handicap ramp outside of the bank. Id. The plaintiff alleged the ramp had an "abrupt, unexpected and unprotected drop-off or elevation change at its side." Id. The plaintiff attempted to hold the branch manager personally liable. Id. The branch manager testified she had no notice of the alleged dangerous condition and it was not part of her job to maintain the outside of the building or the ramp. Id. The Court held that because the branch manager "was not responsible for the parking lot fixture safety element of bank operations, she did not know or should not have known about the problematic condition, and did not have a personal role in the tortious conduct, the plaintiff could not maintain a claim against the manager." Id.

The Plaintiff has not alleged Mr. Harris was even present in the store at the time of the alleged incident. In Petigny v. Wal-Mart Stores East, L.P., the Southern District of Florida held there was "no possibility" that a plaintiff could establish a claim against a store manager who was

not present at the time of the alleged incident. 2018 WL 5983506 (*citing* Accordino v. Wal-Mart Stores East, L.P., 2005 WL 3336503 (M.D. Fla.).

The Plaintiff has failed to set forth sufficient facts with which to state a cause of action against Mr. Harris. The Plaintiff has not alleged that Mr. Harris had any personal involvement in the alleged tort, only that he was the store director at the time of the Plaintiff's incident. Further, the Plaintiff attempts to impose the duties of a landowner upon Mr. Harris, who is merely an employee of Target, and cannot be held to the same standard as a landowner. See White v. Wal-Mart Stores, Inc., 918 So.2d 357 (Fla. 1st DCA 2005). Mr. Harris cannot be held personally liable for this alleged tort simply because of his "general administrative responsibility for performance of some function of his or her employment; rather, he or she must be actively negligent." Id. at 358. The Plaintiff has failed to allege that Mr. Harris had actual or constructive knowledge of the allegedly wet floor pursuant to § 768.0755, Florida Statutes.

WHEREFORE, Defendant, Wayne Harris, respectfully requests this Court dismiss Count II of the Plaintiff's Complaint.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with the Clerk of the Court by using the Florida Courts Portal system and furnished to the following named addressees via email on this 13th day of July, 2020:

**RAFAEL J. ROCA, ESQUIRE**
**LAW OFFICES OF CRAIG GOLDENFARB**
1800 South Australian Avenue, Suite 400
West Palm Beach, FL 33409
Email: BuffMaria6503806@projects.filevine.com; Rroca@800goldlaw.com;
Cgordon@800goldlaw.com
*Attorneys for Plaintiff*

**SAALFIELD SHAD, P.A.**

**/s/ Joseph B. Stokes, III**

**JOSEPH B. STOKES, III, ESQUIRE**
Florida Bar Number: 897183
**RUBY JO CATHERINE SMITH, ESQUIRE**
Florida Bar Number: 112741
245 Riverside Avenue, Suite 400
Jacksonville, FL 32202
904/355-4401 (phone)
904/355-3503 (facsimile)
Email (Primary) jstokes@saalfieldlaw.com
Email (Secondary) llovein@saalfieldlaw.com;
wdean@saalfieldlaw.com
Email (Tertiary) rjcsmith@saalfieldlaw.com
***Attorneys for Defendants***

Filing # 110578664 E-Filed 07/21/2020 04:30:17 PM

FOURTEENTH JUDICIAL CIRCUIT IN
AND FOR BAY COUNTY, FLORIDA

**CASE NO.: 20001089CA**

MARIA BUFF and ADAM BUFF, her
husband,

      Plaintiffs,

vs.

TARGET CORPORATION, a Foreign
Profit Corporation, WAYNE HARRIS,
individually, and ACE AMERICAN
INSURANCE COMPANY, a Foreign
Profit Corporation,

      Defendants.

_____/

## PLAINTIFF'S NOTICE OF SERVING ANSWERS TO DEFENDANT'S, TARGET CORPORATION, CONSORTIUM INTERROGATORIES

    **COMES NOW** the Plaintiff, ADAM BUFF, by and through his undersigned counsel, and hereby gives notice of serving his Answers to Defendants, TARGET CORPORATION, a Foreign Profit Corporation, Consortium Interrogatories numbered one through twenty-one (1 - 21) and bearing a certificate of service date of June 19, 2020

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing was served and E-filed to: Joseph B. Stokes, III, Esq., Saalfield Shad, P.A., 245 Riverside Avenue, Suite 400, Jacksonville, FL 32202 on this 21st day of July 2020.

LAW OFFICES OF CRAIG GOLDENFARB, P.A.
*Attorney for Plaintiff(s)*
1800 S. Australian Ave., Suite 400
West Palm Beach, FL 33409
(561) 697-4440
By: _____/s/ Rafael J. Roca_____
RAFAEL J. ROCA
FL Bar No. 744050
Primary Email: BuffMaria6503806@projects.filevine.com
Secondary Email: Rroca@800goldlaw.com
Paralegal's Email: Cgordon@800goldlaw.com

1

Filing # 110578664 E-Filed 07/21/2020 04:30:17 PM

IN THE CIRCUIT COURT OF FOURTEENTH JUDICAL CIRCUIT IN AND FOR BAY COUNTY, FLORIDA

**CASE NO.: 20001089CA**

MARIA BUFF and ADAM BUFF, her husband,

      Plaintiffs,

vs.

TARGET CORPORATION, a Foreign Profit Corporation, WAYNE HARRIS, individually, and ACE AMERICAN INSURANCE COMPANY, a Foreign Profit Corporation,

      Defendants.

_____/

## PLAINTIFF'S NOTICE OF SERVING ANSWERS TO DEFENDANT'S, TARGET CORPORATION, INTERROGATORIES

    **COMES NOW** the Plaintiff, MARIA BUFF, by and through her undersigned counsel, and hereby gives notice of serving her Answers to Defendants, TARGET CORPORATION, a Foreign Profit Corporation, Interrogatories numbered one through twenty-eight (1 - 28) and bearing a certificate of service date of June 19, 2020.

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing was served and E-filed to: Joseph B. Stokes, III, Esq., Saalfield Shad, P.A., 245 Riverside Avenue, Suite 400, Jacksonville, FL 32202 on this 21st day of July 2020.

LAW OFFICES OF CRAIG GOLDENFARB, P.A.
*Attorney for Plaintiff(s)*
1800 S. Australian Ave., Suite 400
West Palm Beach, FL 33409
(561) 697-4440
By: _____*/s/ Rafael J. Roca*_____
RAFAEL J. ROCA
FL Bar No. 744050
Primary Email: BuffMaria6503806@projects.filevine.com
Secondary Email: Rroca@800goldlaw.com
Paralegal's Email: Cgordon@800goldlaw.com

1

Filing # 110578664 E-Filed 07/21/2020 04:30:17 PM

IN THE CIRCUIT COURT OF
FOURTEENTH JUDICAL CIRCUIT IN
AND FOR BAY COUNTY, FLORIDA

**CASE NO.: 20001089CA**

MARIA BUFF and ADAM BUFF, her
husband,

      Plaintiffs,

vs.

TARGET CORPORATION, a Foreign
Profit Corporation, WAYNE HARRIS,
individually, and ACE AMERICAN
INSURANCE COMPANY, a Foreign
Profit Corporation,

      Defendants.

_____/

## <u>PLAINTIFF'S RESPONSE TO DEFENDANT'S, TARGET CORPORATION, FIRST REQUEST FOR PRODUCTION</u>

**COMES NOW** the Plaintiff, MARIA BUFF, by and through her undersigned counsel, and makes the following responses to Defendant, TARGET CORPORATION, a Foreign Profit Corporation, Request to Produce bearing a Certificate of Service date of , as follows:

1. **RESPONSE:** See attached medical bills.

2. **RESPONSE:** See attached Tax returns.

3. **RESPONSE:** See attached hospital records.

4. **RESPONSE:** See attached medical records.

5. **RESPONSE:** Objection. My attorney will disclose experts according to this Court's trial order.

6. **RESPONSE:** See attached photographs.

7. **RESPONSE:** None in Plaintiff's possession.

1

8.      **RESPONSE:** Objection. Trial exhibits will be produced in compliance with the Court's trial order.

9.      **RESPONSE:** See attached health insurance card.

10.     **RESPONSE:** See attached lien log.

11.     **RESPONSE:** See attached letter to Florida Blue.

12.     **RESPONSE:** None in Plaintiff's possession.

13.     **RESPONSE:** See attached authorization.

14.     **RESPONSE:** See attached authorization.

15.     **RESPONSE:** See attached authorization.

16.     **RESPONSE:** See attached authorization.

17.     **RESPONSE:** None in Plaintiff's possession.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served and E-Filed to Joseph B. Stokes, III, Esq., Saalfield Shad, P.A., 245 Riverside Avenue, Suite 400, Jacksonville, FL 32202 on this 21st day of July 2020.

LAW OFFICES OF CRAIG GOLDENFARB, P.A.
*Counsel for Plaintiff(s)*
1800 S. Australian Ave., Ste. 400
West Palm Beach, FL 33409
(561) 697-4440

By:   */s/ Rafael J. Roca*
RAFAEL J. ROCA
FL Bar No.: 744050
Primary Email: BuffMaria6503806@projects.filevine.com
Secondary Email: Rroca@800goldlaw.com
Paralegal's Email: Cgordon@800goldlaw.com
Secretary's Email: Jrodriguez@800goldlaw.com

Filing # 110641551 E-Filed 07/22/2020 03:42:50 PM

IN THE CIRCUIT COURT, FOURTEENTH
JUDICIAL CIRCUIT, IN AND FOR BAY
COUNTY, FLORIDA

CASE NO.:   20201089CA

MARIA BUFF and ADAM BUFF, her
husband,

      Plaintiffs,

v.

TARGET CORPORATION, a Foreign
Profit Corporation, and WAYNE HARRIS,
individually,

      Defendants.

_____/

## NOTICE OF PRODUCTION OF RECORDS FROM NON-PARTIES

TO:   ALL COUNSEL OF RECORD

Please take notice, pursuant to the Florida Rules of Civil Procedure, Rule 1.351, that ten (10)

days from the date of service of this notice via Electronic Mail, and if no objection is received from

any party, the undersigned will issue subpoenas to obtain records from the following, pursuant to

the attached Subpoenas Duces Tecum Without Deposition, and the Florida Rules of Civil

Procedure.

| MEDICAL | |
|---|---|
| **CUSTODIAN OF RECORDS**<br>Ascension Bay Medical Sacred Heart<br>615 North Bonita Avenue<br>Panama City, FL 32401<br>Telephone No.: 750-769-1511 | **CUSTODIAN OF RECORDS**<br>Ascension Medical Group Sacred Heart Bay<br>Orthopedics<br>4121 West Highway 98<br>Panama City, FL 32401<br>Telephone No.: 850-914-7060 |
| **CUSTODIAN OF RECORDS**<br>Ascension Medical Group - Northside<br>2101 Northside Drive<br>Suite 702<br>Panama City, FL 32405<br>Telephone No.: 850-770-3210 | **CUSTODIAN OF RECORDS**<br>Bay County EMS<br>840 W 11th Street<br>Panama City, FL 32401<br>Telephone No.: 850-248-8140 |

| **CUSTODIAN OF RECORDS** | **CUSTODIAN OF RECORDS** |
|---|---|
| Bay Medical Beach ER & Family Practice<br>11111 Panama City Beach Parkway<br>Panama City Beach, FL 32407<br>Telephone No.: 850-770-3002 | Bay Radiology<br>330 W 23rd Street<br>Panama City, FL 32405<br>Telephone No.: 850-763-2451 |
| **CUSTODIAN OF RECORDS** | **CUSTODIAN OF RECORDS** |
| Emerald Coast OBGYN<br>103 E. 23rd Street<br>Panama City, FL 32405<br>Telephone No.: 850-769-0338 | Encompass Health Rehabilitation Hospital of Panama City<br>1847 Florida Avenue<br>Panama City, FL 32405<br>Telephone No.: 850-914-8600 |
| **CUSTODIAN OF RECORDS** | **CUSTODIAN OF RECORDS** |
| Eye Center of North Florida<br>2500 Martin Luther King Jr. Boulevard<br>Panama City, FL 32405<br>Telephone No.: 850-784-3937 | First Choice Physical Therapy<br>2300 Jenks Avenue<br>Suite C<br>Lynn Haven, FL 32444<br>Telephone No.: 850-248-1600 |
| **CUSTODIAN OF RECORDS** | **CUSTODIAN OF RECORDS** |
| Head & Neck Associates of Bay County<br>724 West 19th Street<br>Panama City, FL 32405<br>Telephone No.: 850-769-0278 | Junco Emergency Physicians, LLC<br>615N Bonita Avenue<br>Panama City, FL 32401<br>Telephone No.: 469-401-2386 |
| **CUSTODIAN OF RECORDS** | **CUSTODIAN OF RECORDS** |
| Oaks Medical Center<br>425 19th Street<br>Panama City, FL 32405<br>Telephone No.: 850-769-6105 | Panhandle Anesthesiologists<br>2338 State Avenue<br>Panama City, FL 32405<br>Telephone No.: 850-785-3185 |
| **CUSTODIAN OF RECORDS** | **CUSTODIAN OF RECORDS** |
| Plastic Surgery Institute & SPA<br>1702 Ohio Avenue<br>Lynn Haven, FL 32444<br>Telephone No.: 850-647-8823 | Southern Orthopedic Specialists<br>1827 Harrison Avenue<br>Unit 2<br>Panama City, FL 32405<br>Telephone No.: 850-785-4344 |
| **PHARMACIES** ||
| **CUSTODIAN OF RECORDS** | **CUSTODIAN OF RECORDS** |
| CVS/Pharmacy *(including Target RX records)*<br>Privacy Office<br>One CVS Drive<br>Woonsocket, RI 02895<br>Telephone No.: 800-287-2414 | Kmart Corporation<br>ATTN: AC-381B-A<br>3333 Beverly Road<br>Hoffman Estates, IL 60179<br>Telephone No.: 847-286-2012 |
| **CUSTODIAN OF RECORDS** | **CUSTODIAN OF RECORDS** |
| Publix – Pharmacy<br>Attn: John Attaway, RA<br>3300 Publix Corporate Parkway<br>Lakeland, FL 33811<br>Telephone No.: 863-688-7407 | Walgreen – Pharmacy<br>PO Box 4039<br>MS #735<br>Danville, IL 61834<br>Telephone No.: 217-554-8590 |

2

| **CUSTODIAN OF RECORDS**<br>Walmart, Inc.<br>702 SW 8th Street<br>Bentonville, AR 72716-0215<br>Telephone No.: 479-277-4382 | **CUSTODIAN OF RECORDS**<br>Winn-Dixie – Pharmacy<br>*c/o Southeastern Grocers, LLC*<br>8928 Prominence Parkway<br>Jacksonville, FL  32254<br>Telephone No.:  904-783-5000 |
|---|---|
| **INSURANCE** ||
| **CUSTODIAN OF RECORDS**<br>American Family Life Assurance Company of Columbus<br>*Aflac/Legal Division*<br>c/o Chief Financial Officer<br>Department of Financial Services<br>Division of Legal Services – Service Process Section<br>200 East Gaines Street<br>Tallahassee, FL 32314<br>Telephone No.: 877-693-5236 | **CUSTODIAN OF RECORDS**<br>Blue Cross & Blue Shield of Florida, Inc.<br>c/o Chief Financial Officer<br>Department of Financial Services<br>Division of Legal Services – Service Process Section<br>200 East Gaines Street<br>Tallahassee, FL 32314<br>Telephone No.: 877-693-5236 |
| **CUSTODIAN OF RECORDS**<br>Division of Workers' Compensation<br>Department of Financial Services<br>200 East Gaines Street<br>Tallahassee, FL 32399-4226<br>Telephone No.: 850-413-1725 | |
| **EMPLOYERS** ||
| **CUSTODIAN OF RECORDS**<br>Bay County Public Defenders Office<br>115 East Fourth Street<br>PO Box 580<br>Panama City, FL 32402<br>Telephone No.: 850-784-6155 | **CUSTODIAN OF RECORDS**<br>Law Offices of James Dowgul<br>222 E. 4th Street<br>Panama City, FL 32401<br>Telephone No.: 850-763-0900 |

## THIS SECTION INTENTIONALLY LEFT BLANK

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with the Clerk of the Court by using the Florida Courts Portal system and furnished to the following named addressees via email on this 22nd day of July, 2020:

**RAFAEL J. ROCA, ESQUIRE**
**LAW OFFICES OF CRAIG GOLDENFARB**
1800 South Australian Avenue, Suite 400
West Palm Beach, FL 33409
Email: BuffMaria6503806@projects.filevine.com; Rroca@800goldlaw.com;
Cgordon@800goldlaw.com
*Attorney for Plaintiff*

**SAALFIELD SHAD, P.A.**

/s/ Joseph B. Stokes, III
_____
**JOSEPH B. STOKES, III, ESQUIRE**
Florida Bar Number: 897183
**RUBY JO CATHERINE SMITH, ESQUIRE**
Florida Bar Number: 112741
245 Riverside Avenue, Suite 400
Jacksonville, Florida 32202
904/355-4401 (phone)
904/355-3503 (facsimile)
Email (Primary) jstokes@saalfieldlaw.com
Email (Secondary) llovein@saalfieldlaw.com;
wdean@saalfieldlaw.com
*Attorneys for Defendant*

Filing # 110645911 E-Filed 07/22/2020 04:15:11 PM

IN THE CIRCUIT COURT, FOURTEENTH
JUDICIAL CIRCUIT, IN AND FOR BAY
COUNTY, FLORIDA

CASE NO.:   20201089CA

MARIA BUFF and ADAM BUFF, her
husband,

     Plaintiffs,

v.

TARGET CORPORATION, a Foreign
Profit Corporation, and WAYNE HARRIS,
individually,

     Defendants.

_____/

## DEFENDANT'S NOTICE OF
## WITHDRAWING NOTICE OF PRODUCTION FROM NON-PARTY

Defendant, **TARGET CORPORATION**., by and through its undersigned counsel hereby

files this Notice of Withdrawing Notice of Production from Non-Party propounded on July 22, 2020.

## THIS SECTION INTENTIONALLY LEFT BLANK

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with the Clerk of the Court by using the Florida Courts Portal system and furnished to the following named addressees via email on this 22nd day of July, 2020:

**RAFAEL J. ROCA, ESQUIRE**
**LAW OFFICES OF CRAIG GOLDENFARB**
1800 South Australian Avenue, Suite 400
West Palm Beach, FL 33409
Email: BuffMaria6503806@projects.filevine.com; Rroca@800goldlaw.com;
Cgordon@800goldlaw.com
*Attorney for Plaintiff*

SAALFIELD SHAD, P.A.

/s/ Joseph B. Stokes, III
_____
**JOSEPH B. STOKES, III, ESQUIRE**
Florida Bar Number: 897183
**RUBY JO CATHERINE SMITH, ESQUIRE**
Florida Bar Number: 112741
245 Riverside Avenue, Suite 400
Jacksonville, Florida 32202
904/355-4401 (phone)
904/355-3503 (facsimile)
Email (Primary) jstokes@saalfieldlaw.com
Email (Secondary) llovein@saalfieldlaw.com;
wdean@saalfieldlaw.com
*Attorneys for Defendant*

Filing # 110792466 E-Filed 07/25/2020 06:53:11 PM

## <u>RETURN OF SERVICE</u>

State of Florida        County of Bay        Circuit Court

Case Number: 20001089CA

Plaintiff:
**Maria Buff, et al.**

vs.

Defendant:
**Target Corporation, et al.**

For:
Craig Goldenfarb, P.A., Law Offices of
1800 S Australian Avenue
Suite 400
West Palm Beach, FL 33409

Received by DE NOVO ATTORNEY SERVICES on the 10th day of June, 2020 at 2:37 pm to be served on **Wayne Harris, 2340 FL-77, Panama City, FL 32405.**

I, BARBARA DINSE, do hereby affirm that on the **23rd day of June, 2020 at 11:40 am,** I:

served a **CORPORATION** by delivering a true copy of the **Summons and Complaint** with the date and hour of service endorsed thereon by me, to: **ROBERT Berry as Executive Team Leadet for Wayne Harris,** at the address of: **2340 FL-77, Panama City, FL 32405,** and informed said person of the contents therein, in compliance with state statutes. Actual service location: (30.1910,-85.6493) accuracy 13 m.

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United States of America.

**Marital Status:** Based upon inquiry of party served, Defendant is not married.

**Description** of Person Served: Age: 30, Sex: M, Race/Skin Color: White, Height: 5'7", Weight: 180, Hair: Black, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

**BARBARA DINSE**
**#025**

**DE NOVO ATTORNEY SERVICES**
**3300 Fairchild Gardens Avenue**
**SUITE 30786**
**Palm Beach Gardens, FL 33420**
**(800) 846-9696**

Our Job Serial Number: NOV-2020001832
Ref: Buff

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8 1m



Filing # 111146003 E-Filed 08/03/2020 09:19:37 AM

IN THE CIRCUIT COURT, FOR THE
FOURTEENTH JUDICIAL CIRCUIT, IN
AND FOR BAY COUNTY, FLORIDA

CASE NO.:   20201089CA

MARIA BUFF and ADAM BUFF, her
husband,

      Plaintiff,

v.

TARGET CORPORATION, a Foreign
Profit Corporation, WAYNE HARRIS,
individually,

      Defendants.

_____/

## DEFENDANT, TARGET CORPORATION'S, RESPONSE TO
## PLAINTIFFS' REQUEST FOR PRODUCTION

Defendant, Target Corporation, by and through its undersigned attorneys, hereby

responds to the Plaintiff's Request for Production as follows:

1.    The Table(s) of Contents for any and all manuals or guidelines governing the
conduct of any employees in effect on 10/18/2019, including employee training manuals.

**RESPONSE: Defendant objects to this Request on the basis it is overly broad,
vague, ambiguous, irrelevant, immaterial, not reasonably limited in scope, and not
reasonably calculated to lead to the discovery of admissible evidence.**

2.    Any photographs or video in any form of media, taken by or on behalf of the
Defendant, that relate to the parties and/or the entire store or location of the occurrence,
including but not limited to, in-store photos or video, from five (5) hours before to one (1) hour
after the subject accident.

**RESPONSE: Defendant objects to this Request on the basis it is overly broad,
vague, ambiguous, irrelevant, immaterial, not reasonably limited in scope, and not
reasonably calculated to lead to the discovery of admissible evidence. Defendant further
objects to producing any store video prior to the Plaintiff's deposition.**

3.    Any and all written or recorded statements obtained from, or signed by, the
Plaintiff.

**RESPONSE: None by Plaintiff Maria Buff, however see Guest Incident Report signed by Plaintiff Adam Buff.**

4.      Any/all full and complete liability insurance policies in effect on 10/18/2019 including excess or umbrella policies.

**RESPONSE: Defendant objects to providing excess carrier information, as the primary policy is more than adequate to cover this alleged loss. Notwithstanding and without said objection, see primary policy declaration page, attached.**

5.      Any and all denial of coverage, or reservation of rights letters from your insurance carrier(s).

**RESPONSE: None.**

6.      Any zone log, inspection log, or other form of inspection record from the period 24 hours before the accident, up to and including the entire day of the accident, and 24 hours after the accident, for the area of the subject location where the Plaintiff had the subject incident.

**RESPONSE: None.**

7.      Any post-accident photographs or video in any form or media of the Plaintiff, including, but not limited to, "surveillance" photographs or video, taken by any person or entity.

**RESPONSE: Defendant is not in possession of photographs of the Plaintiff. Defendant objects to providing store video until after the Plaintiff's deposition. Defendant also objects to this Request on the basis it requests information prepared in anticipation of litigation that is protected by the work product privilege.**

8.      Any/all correspondence, e-mails, texts, letters, or other communications between the Plaintiff and Defendant, or between Plaintiff and Defendant's insurance company, or between Plaintiff and Defendant's adjusters or investigators, from any point in time. (This request is NOT asking for any work product or attorney client correspondence, it is ONLY requesting documents sent to or received by Plaintiff).

**RESPONSE: Defendant objects to this Request as overly broad, vague, ambiguous, not reasonably limited in scope. Notwithstanding and without waiving said objections, see 3 letters from Sedgwick Claims Management to Plaintiff dated October 25, 2019.**

9.      Any/all job descriptions, in effect on the date of the subject incident, for any employees at or near the scene of the subject incident from one hour before, to one hour after, the subject incident.

**RESPONSE: Defendant objects to this Request on the basis it is overly broad, vague, ambiguous, irrelevant, immaterial, not reasonably limited in scope, and not reasonably calculated to lead to the discovery of admissible evidence.**

10.     Any/all documents showing the existence of slip and fall injury claims (workers comp or liability) made by employees or customers at the entire subject store location for 2 years prior to October 18, 2019.

**RESPONSE: Defendant objects to this Request on the basis it is overly broad, vague, ambiguous, irrelevant, immaterial, not reasonably limited in scope, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, it requests information prepared in anticipation of litigation that is protected by the work product privilege.**

11.     Any/all store policies in effect on October 18, 2019 at the subject store regarding what shoes or footwear employees were supposed to wear. If such policies are pursuant to some OSHA or other standard, rule, or regulation, please provide a copy of such standard.

**RESPONSE: Defendant objects to this Request on the basis it is overly broad, vague, ambiguous, irrelevant, immaterial, not reasonably limited in scope, and not reasonably calculated to lead to the discovery of admissible evidence.**

12.     Any/all communications from or to any witnesses to the subject incident.

**RESPONSE: Defendant objects to this Request on the basis it is overly broad, vague, ambiguous, irrelevant, and immaterial. Defendant further objects to this Request on the basis it seeks information prepared in anticipation of litigation that is work product. See Defendant's Privilege Log.**

13.     For any accidents after the subject accident of October 18, 2019, where an employee or customer slipped and/or fell on a transitory foreign object or substance, please provide:

    a.      Address, telephone number, e-mail address and date of birth of the employee or customer

    b.      Location of the fall within the store

    c.      Claim number of the claim, if any

    d.      The case number and the County in which the lawsuit was filed, if any

    e.      Name/address of their lawyer, if any

    f.      Whether the person was a customer or employee

    g.      The identity of the cause of the fall (i.e., the identity of the transitory object or substance)

Glanzberg v. Kauffman, 788 So.2d 252 (Fla. 4th  DCA 2000); Criswell v. Best Western, 636 So.2d 562 (Fla, 3d DCA 1994).

**RESPONSE: Defendant objects to this Request on the basis it is overly broad, irrelevant, immaterial, not reasonably limited in scope, and not reasonably calculated to lead to the discovery of admissible evidence.**

14.     Any/all documents that show the layout of the entire Defendant's premises on 10/18/2019, including the scene of the accident, in its original format and size. If there is a reasonable cost in producing such document in its original form and size, please produce this document, along with an invoice for such reproduction, or provide an electronic version of same.

**RESPONSE: Defendant objects to this Request on the basis it is overly broad, vague, ambiguous, irrelevant, immaterial, not reasonably limited in scope, and not reasonably calculated to lead to the discovery of admissible evidence.**

15.     Any/all incident or accident reports for the subject incident. If objected to, please provide a privilege log, identifying the number of pages of such document(s), the date produced, by whom, and whose possession the subject report(s) are in, so that an in-camera inspection can occur, if necessary.

**RESPONSE: See Guest Incident Report signed by Adam Buff, attached. Defendant otherwise objects to this Request as seeking materials prepared in anticipation of litigation that are work product. See Defendant's Privilege Log.**

16.     Any/all documents or diagrams or photographs showing which products were on the entire aisle and which products were displayed at the precise location where Plaintiff's incident occurred, including but not limited to, any merchandising plans.

**RESPONSE: Defendant objects to this Request on the basis it is overly broad, vague, ambiguous, irrelevant, immaterial, not reasonably limited in scope, and not reasonably calculated to lead to the discovery of admissible evidence.**

17.     Any/all documents or diagrams showing any sampling stands, outside vendor booths or stands, or other such stands, in the store, that were present on the date of the subject incident.

**RESPONSE: Defendant objects to this Request on the basis it is overly broad, vague, ambiguous, irrelevant, immaterial, not reasonably limited in scope, and not reasonably calculated to lead to the discovery of admissible evidence.**

18.     Any/all repair or maintenance records, or other documents, concerning leaks of any sort from any roofing or machinery or coolers or refrigeration or heating, ventilation or air conditioning systems, at or near the location of the Plaintiffs incident, for 6 mo. before and one week after, the subject incident.

**RESPONSE:** Defendant objects to this Request on the basis it is overly broad, vague, ambiguous, irrelevant, immaterial, not reasonably limited in scope, and not reasonably calculated to lead to the discovery of admissible evidence.

19.     Pictures of any/all warning or floor safety devices (cones, signs, floor mats or other) allegedly warning the Plaintiff of any danger, allegedly present in the Defendant's premises on the date of Plaintiffs incident.

**RESPONSE:** Defendant objects to this Request as it seeks material prepared in anticipation of litigation that is work product. See Defendant's Privilege Log.

20.     An actual exemplar of any actual warning signs or floor safety devices, including cones or signs or floor safety mats, that were available in the subject store on the date of the subject incident. If the Defendant is willing to provide same for inspection in lieu of production, please indicate so, so that such an inspection may be arranged.

**RESPONSE:** Defendant objects to this Request as overly broad, vague, irrelevant, and ambiguous. Notwithstanding and without waiving said objections, warning signs, cones, etc., can be viewed during a site inspection.

21.     Any documents or diagrams, showing where floor safety mats were located in the subject store on the date of the Plaintiffs incident.

**RESPONSE:** Defendant objects to this Request on the basis it is overly broad, vague, ambiguous, irrelevant, immaterial, not reasonably limited in scope, and not reasonably calculated to lead to the discovery of admissible evidence.

22.     Any/all purchase orders, receipts, invoices, or other documents identifying the warning signs or floor safety devices that were available and present in the Defendant's premises on the date of the Plaintiffs incident, including but not limited to, cones, wet floor signs, safety mats, or other warning or safety devices.

**RESPONSE:** Defendant objects to this Request on the basis it is overly broad, vague, ambiguous, irrelevant, immaterial, not reasonably limited in scope, and not reasonably calculated to lead to the discovery of admissible evidence.

23.     Any/all manager or management training videos or manuals or other training documents regarding store safety or prevention of accidents or injuries in effect for a two-year period prior to October 18, 2019.

**RESPONSE:** Defendant objects to this Request on the basis it is overly broad, vague, ambiguous, irrelevant, immaterial, not reasonably limited in scope, and not reasonably calculated to lead to the discovery of admissible evidence.

24.     Any/all employee training videos or manuals or other training documents regarding store safety or prevention of accidents or injuries in effect for a two year period prior to 10/18/2019.

**RESPONSE: Defendant objects to this Request on the basis it is overly broad, vague, ambiguous, irrelevant, immaterial, not reasonably limited in scope, and not reasonably calculated to lead to the discovery of admissible evidence.**

25.     Any/all in house meeting notes, syllabi, memos, handouts, e-mails, minutes, or videos for ongoing employee and manager training, regarding store safety from a period two years before 10/18/2019, for the subject store.

**RESPONSE: Defendant objects to this Request on the basis it is overly broad, vague, ambiguous, irrelevant, immaterial, not reasonably limited in scope, and not reasonably calculated to lead to the discovery of admissible evidence.**

26.     Any external evaluations or inspections concerning issues of store safety related to potential slip and fall hazards performed by an outside insurance company, business, vendor, government agency (including OSHA) of the subject store for a period of three years before 10/18/2019.

**RESPONSE: Defendant objects to this Request on the basis it is overly broad, vague, ambiguous, irrelevant, immaterial, not reasonably limited in scope, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, this request seeks information protected by the work product privilege.**

27.     Any internal evaluations or inspections concerning issues of store safety related to potential slip and fall hazards performed by the Defendant, of the subject store, by the Defendant or its corporate parent or subsidiaries, for a period of three years before October 18, 2019.

**RESPONSE: Defendant objects to this Request on the basis it is overly broad, vague, ambiguous, irrelevant, immaterial, not reasonably limited in scope, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, this request seeks information protected by the work product privilege.**

28.     The entire personnel file, with social security number and personal health information redacted, of all of Defendant's employees identified as having knowledge of the subject incident, by the Defendant, in response to Plaintiff's interrogatories.

**RESPONSE: Defendant objects to this Request on the basis it is overly broad, vague, ambiguous, irrelevant, immaterial, seeks confidential information, not reasonably limited in scope, and not reasonably calculated to lead to the discovery of admissible evidence.**

29.     Defendant's accident reporting protocol or guidelines for the subject store, in effect on the date of Plaintiff's incident.

**RESPONSE:** Defendant objects to this Request on the basis it is overly broad, vague, ambiguous, irrelevant, immaterial, not reasonably limited in scope, and not reasonably calculated to lead to the discovery of admissible evidence.

30.   Defendant's video preservation protocol or guidelines for the subject store, in effect on the date of the Plaintiffs incident.

**RESPONSE:** Defendant objects to this Request on the basis it is overly broad, vague, ambiguous, irrelevant, immaterial, not reasonably limited in scope, and not reasonably calculated to lead to the discovery of admissible evidence.

31.   Defendant's spill response protocol or guidelines for the subject store, in effect on the date of Plaintiff's incident.

**RESPONSE: See New Spill Clean Up Supplies, Spill Station, Cleaning Spills, and Spill Clean-up Procedures.**

32.   Please produce a privilege log for any and all documents objected to based on any privilege in the above request to produce.

**RESPONSE: See Defendant's Privilege Log.**

33.   Copies of any and all documents that reflect cleaning activity located on Defendant's premises and more specifically, at TARGET, on October 18, 2019.

**RESPONSE:** Defendant objects to this Request on the basis it is overly broad, vague, ambiguous, irrelevant, immaterial, not reasonably limited in scope, and not reasonably calculated to lead to the discovery of admissible evidence.

34.   Any and all Documents of any kind whatsoever contained within the personnel file of Defendant, WAYNE HARRIS, including but not limited to any and all work records, applications for employment, resignation and/or termination letter, attendance charts, health forms, application for group health coverage (including claim forms), workers compensation forms and all other information in your possession or control pertaining the employment of the above individual from the first date of employment to the date of termination, or, if still employed, to the present.

**RESPONSE:** Defendant objects to this Request on the basis it is overly broad, vague, ambiguous, irrelevant, immaterial, seeks confidential information, not reasonably limited in scope, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the basis this Request seeks confidential and privileged information.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with the Clerk of the Court by using the Florida Courts Portal system and furnished to the following named addressees via email on this 3rd day of August, 2020:

> **RAFAEL J. ROCA, ESQUIRE**
> **LAW OFFICES OF CRAIG GOLDENFARB**
> 1800 South Australian Avenue, Suite 400
> West Palm Beach, FL 33409
> Email: BuffMaria6503806@projects.filevine.com; Rroca@800goldlaw.com;
> Cgordon@800goldlaw.com
> *Attorneys for Plaintiff*

> **SAALFIELD SHAD, P.A.**
>
> /s/ Joseph B. Stokes, III
> _____
> **JOSEPH B. STOKES, III, ESQUIRE**
> Florida Bar Number: 897183
> **RUBY JO CATHERINE SMITH, ESQUIRE**
> Florida Bar Number: 112741
> 245 Riverside Avenue, Suite 400
> Jacksonville, FL 32202
> 904/355-4401 (phone)
> 904/355-3503 (facsimile)
> Email (Primary) jstokes@saalfieldlaw.com
> Email (Secondary) llovein@saalfieldlaw.com;
> wdean@saalfieldlaw.com
> Email (Tertiary) rjcsmith@saalfieldlaw.com
> *Attorneys for Defendants*

Filing # 111146003 E-Filed 08/03/2020 09:19:37 AM

IN THE CIRCUIT COURT, FOR THE
FOURTEENTH JUDICIAL CIRCUIT, IN
AND FOR BAY COUNTY, FLORIDA

CASE NO.:   20201089CA

MARIA BUFF and ADAM BUFF, her
husband,

      Plaintiff,

v.

TARGET CORPORATION, a Foreign
Profit Corporation, WAYNE HARRIS,
individually, and ACE AMERICAN
INSURANCE COMPANY, a Foreign
Profit Corporation,

      Defendants.

_____/

### DEFENDANT, TARGET CORPORATION'S, RESPONSES TO PLAINTIFFS' REQUEST FOR ADMISSIONS

Defendant, Target Corporation, by and through its undersigned attorneys, hereby responds

to Plaintiff's Request for Admissions as follows:

     1.    Admit that the Plaintiff was legally on the Defendant's property on the date of
incident.

         **RESPONSE:** **Defendant cannot reasonably admit or deny this Request at this
time. Written discovery has not been exchanged and the Plaintiff has not yet
been deposed.**

     2.    Admit that the Defendant failed to maintain the premises in a reasonably safe
condition.

         **RESPONSE:** **Denied.**

     3.    Admit that the Defendant has a nondelegable duty to maintain its premises in a
reasonably safe condition.

         **RESPONSE:** **Defendant objects to this Request as overly broad, vague, and
ambiguous.**

4.      Admit that the Defendant failed to correct the dangerous condition of water on the floor.

> **RESPONSE: Defendant objects to this Request as overly broad, vague, and ambiguous.**

5.      Admit that the Defendant failed to warn the Plaintiff about water on the floor.

> **RESPONSE: Defendant objects to this Request as overly broad, vague, and ambiguous.**

6.      Admit that the Defendant failed to train its employees in proper methods of inspecting, cleaning and/or waring about water on the floor.

> **RESPONSE: Defendant objects to this Request as overly broad, compound, vague, and ambiguous. Notwithstanding and without waiving said objections, denied.**

7.      Admit that the Plaintiff sustained injuries as a result of this incident.

> **RESPONSE: Defendant cannot reasonably admit or deny this Request at this time. Written discovery has not been exchanged and the Plaintiff has not yet been deposed.**

8.      Admit that the Plaintiff's injuries are causally related to this incident.

> **RESPONSE: Defendant cannot reasonably admit or deny this Request at this time. Written discovery has not been exchanged and the Plaintiff has not yet been deposed.**

9.      Admit that the Plaintiff received medical care and treatment that is causally related to this incident.

> **RESPONSE: Defendant cannot reasonably admit or deny this Request at this time. Written discovery has not been exchanged and the Plaintiff has not yet been deposed.**

10.     Admit that the Plaintiff incurred medical bills for treatment as a result of this incident.

> **RESPONSE: Defendant cannot reasonably admit or deny this Request at this time. Written discovery has not been exchanged and the Plaintiff has not yet been deposed.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with the Clerk of the Court by using the Florida Courts Portal system and furnished to the following named addressees via email on this 3rd day of August, 2020:

RAFAEL J. ROCA, ESQUIRE
**LAW OFFICES OF CRAIG GOLDENFARB**
1800 South Australian Avenue, Suite 400
West Palm Beach, FL 33409
Email: BuffMaria6503806@projects.filevine.com; Rroca@800goldlaw.com;
Cgordon@800goldlaw.com
*Attorneys for Plaintiff*

**SAALFIELD SHAD, P.A.**

/s/ Joseph B. Stokes, III
_____
**JOSEPH B. STOKES, III, ESQUIRE**
Florida Bar Number: 897183
**RUBY JO CATHERINE SMITH, ESQUIRE**
Florida Bar Number: 112741
245 Riverside Avenue, Suite 400
Jacksonville, FL 32202
904/355-4401 (phone)
904/355-3503 (facsimile)
Email (Primary) jstokes@saalfieldlaw.com
Email (Secondary) llovein@saalfieldlaw.com;
wdean@saalfieldlaw.com
Email (Tertiary) rjcsmith@saalfieldlaw.com
*Attorneys for Defendants*

Filing # 111146003 E-Filed 08/03/2020 09:19:37 AM

IN THE CIRCUIT COURT, FOR THE
FOURTEENTH JUDICIAL CIRCUIT, IN
AND FOR BAY COUNTY, FLORIDA

CASE NO.:   20201089CA

MARIA BUFF and ADAM BUFF, her
husband,

      Plaintiff,

v.

TARGET CORPORATION, a Foreign
Profit Corporation, and WAYNE HARRIS,
individually,

      Defendants.

_____/

### DEFENDANT, TARGET CORPORATION'S, PRIVILEGE LOG

**Interrogatories**

7.    State the full name and address of each person(s) who has given you a statement concerning Plaintiffs accident.  If you object based on work product privilege, please provide a privilege log.

    **PRIVILEGE LOG: Defendant is in possession of recorded statements by Nicole Rainone and Cameron Swift, as well as a LOD Investigation Report and Electronic Report completed by Nicole Rainone.**

10.    State whether you have within your possession or control, photographs or video of the subject incident itself, the one-hour time period before, the one-hour time period after, and/or of the incident scene as it existed at the time of Plaintiffs incident. If so, describe any and all such photographs and videotape, and indicate in whose possession such items are in.

    **PRIVILEGE LOG: Defendant is in possession of 3 color photographs showing the area where the Plaintiff's alleged incident occurred.**

**Request to Produce**

2.    Any photographs or video in any form of media, taken by or on behalf of the Defendant, that relate to the parties and/or the entire store or location of the occurrence, including but not limited to, in-store photos or video, from five (5) hours before to one (1) hour after the subject accident.

**PRIVILEGE LOG: Defendant is in possession of 3 color photographs showing the area where the Plaintiff's alleged incident occurred.**

12.     Any/all communications from or to any witnesses to the subject incident.

**PRIVILEGE LOG: Defendant is in possession of recorded statements by Nicole Rainone and Cameron Swift, as well as a LOD Investigation Report and Electronic Report completed by Nicole Rainone.**

15.     Any/all incident or accident reports for the subject incident. If objected to, please provide a privilege log, identifying the number of pages of such document(s), the date produced, by whom, and whose possession the subject report(s) are in, so that an in-camera inspection can occur, if necessary.

**PRIVILEGE LOG: Defendant is in possession of recorded statements by Nicole Rainone and Cameron Swift, as well as a LOD Investigation Report and Electronic Report completed by Nicole Rainone.**

19.     Pictures of any/all warning or floor safety devices (cones, signs, floor mats or other) allegedly warning the Plaintiff of any danger, allegedly present in the Defendant's premises on the date of Plaintiffs incident.

**PRIVILEGE LOG: Defendant is in possession of 3 color photographs showing the area where the Plaintiff's alleged incident occurred.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with the Clerk of the Court by using the Florida Courts Portal system and furnished to the following named addressees via email on this 3rd day of August, 2020:

**RAFAEL J. ROCA, ESQUIRE**
**LAW OFFICES OF CRAIG GOLDENFARB**
1800 South Australian Avenue, Suite 400
West Palm Beach, FL 33409
Email: BuffMaria6503806@projects.filevine.com; Rroca@800goldlaw.com;
Cgordon@800goldlaw.com
*Attorneys for Plaintiff*

                           **SAALFIELD SHAD, P.A.**

                           /s/ Joseph B. Stokes, III
                           _____
                           **JOSEPH B. STOKES, III, ESQUIRE**
                           Florida Bar Number: 897183
                           **RUBY JO CATHERINE SMITH, ESQUIRE**

Florida Bar Number: 112741
245 Riverside Avenue, Suite 400
Jacksonville, FL 32202
904/355-4401 (phone)
904/355-3503 (facsimile)
Email (Primary) jstokes@saalfieldlaw.com
Email (Secondary) llovein@saalfieldlaw.com;
wdean@saalfieldlaw.com
Email (Tertiary) rjcsmith@saalfieldlaw.com
***Attorneys for Defendants***

Filing # 111146003 E-Filed 08/03/2020 09:19:37 AM

IN THE CIRCUIT COURT, FOR THE
FOURTEENTH JUDICIAL CIRCUIT, IN
AND FOR BAY COUNTY, FLORIDA

CASE NO.:   20201089CA

MARIA BUFF and ADAM BUFF, her
husband,

      Plaintiff,

v.

TARGET CORPORATION, a Foreign
Profit Corporation, and WAYNE HARRIS,
individually,

      Defendants.

_____/

## DEFENDANT, TARGET CORPORATION'S, NOTICE OF SERVING VERIFIED ANSWERS TO PLAINTIFFS' INITIAL INTERROGATORIES

      Defendant, Target Corporation, by and through its undersigned attorneys, hereby gives

notice that it has served its verified Answers to Plaintiff's Initial Interrogatories numbered 1

through 28.

## CERTIFICATE OF SERVICE

      **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with

the Clerk of the Court by using the Florida Courts Portal system and furnished to the following

named addressees via email on this 3rd day of August, 2020:

      **RAFAEL J. ROCA, ESQUIRE**
      **LAW OFFICES OF CRAIG GOLDENFARB**
      1800 South Australian Avenue, Suite 400
      West Palm Beach, FL 33409
      Email: BuffMaria6503806@projects.filevine.com; Rroca@800goldlaw.com;
      Cgordon@800goldlaw.com
      *Attorneys for Plaintiff*

            **SAALFIELD SHAD, P.A.**

            **/s/ Joseph B. Stokes, III**
            _____
            **JOSEPH B. STOKES, III, ESQUIRE**

Florida Bar Number: 897183
**RUBY JO CATHERINE SMITH, ESQUIRE**
Florida Bar Number: 112741
245 Riverside Avenue, Suite 400
Jacksonville, FL 32202
904/355-4401 (phone)
904/355-3503 (facsimile)
Email (Primary) jstokes@saalfieldlaw.com
Email (Secondary) llovein@saalfieldlaw.com;
wdean@saalfieldlaw.com
Email (Tertiary) rjcsmith@saalfieldlaw.com
***Attorneys for Defendants***

Filing # 111146003 E-Filed 08/03/2020 09:19:37 AM

IN THE CIRCUIT COURT, FOR THE
FOURTEENTH JUDICIAL CIRCUIT, IN
AND FOR BAY COUNTY, FLORIDA

CASE NO.:   20201089CA

MARIA BUFF and ADAM BUFF, her
husband,

     Plaintiff,

v.

TARGET CORPORATION, a Foreign
Profit Corporation, WAYNE HARRIS,
individually,

     Defendants.

_____/

## DEFENDANTS', TARGET CORPORATION AND WAYNE HARRIS, NOTICE OF SERVING VERIFIED ANSWERS TO PLAINTIFFS' INSURANCE INTERROGATORIES

Defendants, Target Corporation and Wayne Harris, by and through their undersigned counsel, hereby give notice that they have served their verified answers to Plaintiff's Insurance Interrogatories, numbered 1(a)-(j).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with the Clerk of the Court by using the Florida Courts Portal system and furnished to the following named addressees via email on this 3rd day of August, 2020:

**RAFAEL J. ROCA, ESQUIRE**
**LAW OFFICES OF CRAIG GOLDENFARB**
1800 South Australian Avenue, Suite 400
West Palm Beach, FL 33409
Email: BuffMaria6503806@projects.filevine.com; Rroca@800goldlaw.com;
Cgordon@800goldlaw.com
*Attorneys for Plaintiff*

**SAALFIELD SHAD, P.A.**

/s/ Joseph B. Stokes, III
_____

**JOSEPH B. STOKES, III, ESQUIRE**
Florida Bar Number: 897183
**RUBY JO CATHERINE SMITH, ESQUIRE**
Florida Bar Number: 112741
245 Riverside Avenue, Suite 400
Jacksonville, FL 32202
904/355-4401 (phone)
904/355-3503 (facsimile)
Email (Primary) jstokes@saalfieldlaw.com
Email (Secondary) llovein@saalfieldlaw.com;
wdean@saalfieldlaw.com
Email (Tertiary) rjcsmith@saalfieldlaw.com
*Attorneys for Defendants*

Filing # 111154203 E-Filed 08/03/2020 10:43:46 AM

IN THE CIRCUIT COURT OF
FOURTEENTH JUDICAL CIRCUIT IN
AND FOR BAY COUNTY, FLORIDA

**CASE NO.: 20001089CA**

MARIA BUFF and ADAM BUFF, her
husband,

       Plaintiffs,

vs.

TARGET CORPORATION, a Foreign
Profit Corporation, WAYNE HARRIS,
individually, and ACE AMERICAN
INSURANCE COMPANY, a Foreign
Profit Corporation,

       Defendants.

_____/

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION TO DEFENDANT, TARGET CORPORATION

**COME NOW** the Plaintiffs, MARIA BUFF and ADAM BUFF, by and through their

undersigned counsel, and hereby request(s) the Defendant, TARGET CORPORATION, a Foreign

Profit Corporation, pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, to produce and

permit the Plaintiff, Maria Buff, to inspect and copy each of the following documents:

1.     Any and all documents relating to store storm preparation or directives including but not
limited to manuals, emergency protocols, training videos, check lists, supply lists, and/or
equipment lists.

1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served and E-filed

to  Joseph B. Stokes, III, Esq., Saalfield Shad, P.A., 245 Riverside Avenue, Suite 400, Jacksonville,

FL 32202  on this 3rd day of August, 2020.

LAW OFFICES OF CRAIG GOLDENFARB, P.A.
*Counsel for Plaintiff(s)*
1800 S. Australian Ave., Ste 400
West Palm Beach, FL 33409
(561) 697-4440


By:  ____ */s/ Rafael J. Roca* _____
RAFAEL J. ROCA
Fla. Bar No.: 744050
Primary Email: BuffMaria6503806@projects.filevine.com
Secondary Email: Rroca@800goldlaw.com
Paralegal's Email: Cgordon@800goldlaw.com
Secretary's Email: Jrodriguez@800goldlaw.com

IN THE CIRCUIT COURT, FOURTEENTH
JUDICIAL CIRCUIT, IN AND FOR BAY
COUNTY, FLORIDA

CASE NO.:     20201089CA

MARIA BUFF and ADAM BUFF, her
husband,

      Plaintiffs,

v.

TARGET CORPORATION, a Foreign
Profit Corporation, and WAYNE HARRIS,
individually,

      Defendants.

_____/

## DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL

Defendant, Target Corporation, by and through its undersigned attorneys, and pursuant to

28 U.S.C. §1332, §1441, and §1446, hereby gives notice that it has this date filed with the U.S.

District Court for the Northern District of Florida, Panama City Division, a Notice of Removal.  A

copy of the Notice of Removal (without Exhibits) is attached hereto as Exhibit "A."

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with

the Clerk of the Court by using the Florida Courts Portal system and furnished to the following

named addressees via email on this14th day of August, 2020:

**RAFAEL J. ROCA, ESQUIRE**
**LAW OFFICES OF CRAIG GOLDENFARB**
1800 South Australian Avenue, Suite 400
West Palm Beach, FL 33409
Email: BuffMaria6503806@projects.filevine.com; Rroca@800goldlaw.com;
Cgordon@800goldlaw.com; jrodriguez@800goldlaw.com
*Attorneys for Plaintiff*

**SAALFIELD SHAD, P.A.**

**/s/ Joseph B. Stokes, III**
_____
**JOSEPH B. STOKES, III, ESQUIRE**
Florida Bar Number: 897183
**RUBY JO CATHERINE SMITH, ESQUIRE**
Florida Bar Number: 112741
245 Riverside Avenue, Suite 400
Jacksonville, FL 32202
904/355-4401 (phone)
904/355-3503 (facsimile)
Email (Primary) jstokes@saalfieldlaw.com
Email (Secondary) llovein@saalfieldlaw.com;
wdean@saalfieldlaw.com
Email (Tertiary) rjcsmith@saalfieldlaw.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MARIA BUFF and ADAM BUFF,
her husband,                                                CASE NO:

     Plaintiff,

vs.

TARGET CORPORATION, a Foreign
Profit Corporation, and WAYNE HARRIS,
individually,

     Defendants.

_____/

## DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL

Defendant Target Corporation (hereinafter "Defendant"), by and through its undersigned attorneys and pursuant to 28 U.S.C. § 1446, files with this Court a Notice of Removal of the above-captioned matter from the Fourteenth Judicial Circuit, in and for Bay County, Florida.  In support of the removal of this action, Defendant states as follows:

1.   Plaintiffs Maria Buff and Adam Buff have filed a civil action in the Circuit Court, Fourteenth Judicial Circuit, in and for Bay County, Florida, Case No. 20-CA-1089, for claimed injuries allegedly due to an incident in which Ms. Buff allegedly slipped and fell on the Defendant's premises on October 18, 2019 in Bay County, Florida. Mr. Buff has made a claim for alleged loss of consortium. True and correct copies of all process and pleadings served by or upon Defendant, as provided by 28 U.S.C. § 1446(a), are attached hereto as Exhibit "A".

2.   Defendant removes this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 and § 1441.

3.   At the time of the incident alleged in Plaintiff's Complaint, Plaintiff and her husband were citizens and residents of Bay County, Florida. (Complaint ¶¶2-3).

1

**EXHIBIT**

**A**

4.   Defendant Target Corporation, at all relevant times, has been a domiciliary of the State of Minnesota, is incorporated in Minnesota, and has its principal place of business in Minnesota.

5. Plaintiff has fraudulently joined  Florida resident and Store Director, Wayne Harris, as a Defendant in this matter. Absent this fraudulent joinder, complete diversity exists among the Plaintiff and Defendant. Mr. Harris has no individual liability for Plaintiffs' personal injuries and he is an improper Defendant.  There is no possibility the Plaintiffs can establish a claim against him.  The fraudulent joinder doctrine provides an exception to the citizenship requirement of removal jurisdiction. Allen v. Monsanto Co., 2009 WL 426546 (N.D. Fla. 2009)(citing Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997)).  A plaintiff cannot defeat removal by joining a non-diverse defendant having no real connection with the controversy.  Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). The fraudulent joinder determination must be based on the Plaintiff's pleadings at the time of removal, which may be supplemented by affidavits and deposition transcripts. Partners for Pets, Inc. v. Southern Owners Insurance Co., 2019 WL 8063984 (N.D. Fla. 2019)(citing Pacheco de Perez v. AT&T Co., 139 F.3d 1368 (11th Cir. 1998)). If a defendant is fraudulently joined, its citizenship is not considered in determining whether complete diversity exists. Russell Petroleum Corp. v. Environ Prods., Inc., 333 F.Supp.2d 1228, 1231 (M.D. Ala. 2004).

6. It is well-established under Florida law that an officer "does not incur personal liability for [the corporations]'s torts merely by reason of [the officer]'s official character."  Orlovsky v. Solid Surf, 405 So. 2d 1363, 164 (Fla. 4th DCA 1981).  To be individually liable, a corporate official must have committed or participated in the tort. White v. Wal-Mart Stores, Inc., 918 So. 2d 367, 358 (Fla. 1st DCA 2005)("The law is clear to the effect that officers or agents of corporations may be individually liable in tort if they commit or participate in a tort.")  There have

been numerous cases where the non-diverse manager was fraudulently joined and removal was found to be proper. See Roland v. Waffle House, Inc., 2018 WL 6715513 (N.D. Fla. 2018)(finding Waffle House manager, a non-diverse citizen, was fraudulently joined when manager was not working or present in the restaurant at the time of the plaintiff's incident, did not personally participate in incident giving rise to plaintiff's injury, and had no personal knowledge of the incident); see also Accordino v. Wal-Mart Stores East, LP, 2005 WL 3336503 (M.D. Fla. Dec. 8, 2005)(where plaintiff in a slip and fall case fraudulently joined a store manager and the Court denied Plaintiff's Motion to Remand because there was no evidence the defendant personally participated in the alleged tortious act in his individual capacity); Kimmons v. IMC Fertilizer, Inc., 844 F. Supp. 738, 739, 740 (M.D. Fla. 1994)(concluding that non-diverse manager of a corporation was not liable to plaintiff where manager did not personally participate in events giving rise to plaintiff's accident and was not present at accident site at time of plaintiff's injury); McElveen v. Peeler, 544 So. 2d 270, 271-72 (Fla. 1st DCA 1989)(finding personal participation in tortious act a prerequisite for imposing liability upon individual corporate officers or agents and rejecting liability based solely on general administrative responsibility); Orlovsky v. Solid Surf, Inc., 405 So. 2d 1363, 1364 (Fla. 4th DCA 1981)(finding that a corporate agent "does not incur personal liability for [his] torts merely by reason of his official character; he is not liable for torts committed by or for the corporation unless he has participated in the wrong.")

7. Plaintiff Maria Buff's interrogatory answers to Defendant Target Corporation, served on July 21, 2020, make no specific allegation of negligence against Mr. Harris. When asked to describe in interrogatory number 8 how the incident happened, Plaintiff Maria Buff stated she "slipped and fell in water . . . Further, see my complaint filed in this case." In interrogatory number 9, Plaintiff Maria Buff was asked to describe each act or omission on the part of any party to this

3

lawsuit that she contends constituted negligence. The Plaintiff responded "Please see the Complaint as filed . . . However, in my lay opinion, it is my belief that the Defendant should have cleaned up the water on the floor." (See Plaintiff Maria Buff's interrogatory answers.) There is no specific allegation of an act or omission on the part of Mr. Harris in Plaintiff Maria Buff's interrogatory answers to Defendant Target Corporation.

8. In Florida, there is no recognized cause of action or an *in absentia* claim of negligent failure to maintain the store because Florida law requires that a corporate officer or agency can be personally liable for negligence only if he is personally involved in the tortious conduct. Stephens v. Petsmart, Inc., 2009 WL 3674680 (M.D. Fla. 2009). Because there is no possibility a cause of action can be asserted against Mr. Harris, he has been fraudulently joined and his fraudulent joinder does not defeat diversity jurisdiction. An affidavit by Mr. Harris is attached hereto as Exhibit "B", attesting to his lack of involvement with this alleged incident as well as his absence from the subject store at the time of the alleged incident.

9. The Complaint alleges the damages "exceed Thirty Thousand Dollars ($30,000.00)." (Complaint ¶1). Plaintiff Maria Buff's claimed damages include:  pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a pre-existing condition (Complaint ¶¶13, 20).  Plaintiff Maria Buff claims these losses are either permanent or continuing and will continue to be suffered in the future. (*Id.*). Plaintiff Adam Buff's claimed damages include the deprivation of the consortium services of his wife, Maria Buff, which he has suffered in the past and will continue to suffer for an indefinite time in the future. (Complaint ¶23).

10.     In response to Defendant's Request for Production, Plaintiff Maria Buff produced to Defendant medical records of Plaintiff from Bay County EMS, Ascension Bay Medical Sacred Heart, Bay Orthopedics, Junco Emergency Physicians, and First Choice Physical Therapy. Defendant is in possession of medical bills from the following, attached as Exhibit "C":

| | |
|---|---|
| Bay County EMS | $ 1,279.71 |
| Ascension Bay Medical Sacred Heart | $ 78,606.41 |
| Bay Orthopedics | $ 6,177.07 |
| Junco Emergency Physicians | $ 1,977.00 |
| First Choice Physical Therapy | $ 8,052.00 |
| **TOTAL** | **$ 96,092.19** |

Specifically, these records were provided in response to Request number 1, asking for "Medical bills, including but not limited to doctors, hospitals, and prescriptions arising out of the alleged injuries which are the subject of your Complaint."

11.     Based on the medical records provided, Plaintiff Maria Buff is alleging she sustained a right distal femur fracture requiring surgical repair.

12.     The medical records reflect that on October 19, 2019 Plaintiff underwent an open reduction internal fixation at Ascension Bay Medical Sacred Heart. The bills provided by the Plaintiff reflect the hospital stay and surgical expenses amounted to $78,606.41.

13.     Defendant has filed this Notice of Removal within thirty (30) days of receipt of the Plaintiff's medical billing records, which revealed the amount in controversy exceeds $75,000.00. The Plaintiff's medical billing records were received by Defendant on July 21, 2020. Therefore, this Notice of Removal is timely.

14.     Pursuant to 28 U.S.C. § 1446(d), Defendant has given written notice of this removal to all parties and has filed a copy of this Notice of Removal in the Circuit Court, Fourteenth Judicial Circuit, in and for Bay County, Florida.

15.   The United States District Court for the Northern District of Florida, Panama City Division, encompasses the location of the State Court action.   Thus, Defendant may properly remove the State Court action to this District Court pursuant to 28 U.S.C. §1441(a).

16.   The amount in controversy in this case is greater than $75,000.00 exclusive of interest and costs, and there is complete diversity between the parties (absent the fraudulent joinder of Defendant Wayne Harris).   Therefore, this United States District Court has original jurisdiction pursuant to 28 U.S.C. §1332.

17.   Pursuant to the rules of this Court, Defendant has submitted the $400.00 filing fee.

WHEREFORE, the Defendant respectfully requests that this Court accept the removal of this action from the Circuit Court, Fourteenth Judicial Circuit, in and for Bay County, Florida.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with the Clerk of the Court by using the Florida Courts Portal system and furnished to the following named addressees via email on this 14th day of August, 2020:

**RAFAEL J. ROCA, ESQUIRE**
**LAW OFFICES OF CRAIG GOLDENFARB**
1800 South Australian Avenue, Suite 400
West Palm Beach, FL 33409
Email: BuffMaria6503806@projects.filevine.com; Rroca@800goldlaw.com;
Cgordon@800goldlaw.com; jrodriguez@800goldlaw.com
*Attorneys for Plaintiff*

**SAALFIELD SHAD, P.A.**

**/s/ Joseph B. Stokes, III**
_____
**JOSEPH B. STOKES, III, ESQUIRE**
Florida Bar Number: 897183
245 Riverside Avenue, Suite 400
Jacksonville, FL 32202
904/355-4401 (phone)
904/355-3503 (facsimile)

6

Email (Primary) jstokes@saalfieldlaw.com
Email (Secondary) llovein@saalfieldlaw.com;
wdean@saalfieldlaw.com
Email (Tertiary) rjcsmith@saalfieldlaw.com
***Attorneys for Defendants***